(125 App. Div. 636.)

## PATURZO v. SHULDINER.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

1. MECHANICS' LIENS—RIGHT TO ENFORCE—INSUFFICIENT SHOWING.
   A contractor is not entitled to enforce a mechanic's lien where the building was not only not completed within the contract time, but was not completed to the extent of work worth $250; no excuse for the latter nonperformance being shown.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 124.]

2. SAME.
   A contractor is not entitled to enforce a mechanic's lien where it does not appear that the work and material necessary to entitle him to the stipulated payment has been done and furnished.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 124.]

3. CONTRACTS—BUILDING CONTRACTS—IMPLIED OBLIGATIONS.
   A building contractor is impliedly bound to furnish nails and bolts necessary to make the structure safe, where the specifications do not provide for them.

4. SAME—DIRECTION BY BUILDING INSPECTOR—EFFECT ON CONTRACTOR.

A municipal building inspector could not impose any conditions on a contractor different from the specifications on file with and approved by the building department, and any illegal condition imposed by him did not bind the contractor.

5. SAME—OWNER'S BREACH OF COVENANT—EFFECT.

That the owner of a building agreed to insure it for her and the contractor's benefit against damage by fire, lightning, earthquake, cyclones, or other casualty, and only insured against fire, would not authorize the contractor to abandon the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1424–1429.]

6. MECHANICS' LIENS—JUDGMENT—RECOVERY ON CAUSE OF ACTION NOT PLEADED IMPROPER—PERSONAL JUDGMENT.

In an action by a building contractor to enforce a mechanic's lien, personal judgment cannot be awarded against the owner for breach of contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 632–635.]

Appeal from Trial Term, Kings County.

Action by Antonio Paturzo against Rebecca Shuldiner to foreclose mechanics' liens. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Frederick Hulse, for appellant.

Robert H. Roy, for respondent.

GAYNOR, J. The judgment should have been for the defendant. The first cause of action is based on a contract for the building of a house by the plaintiff at Coney Island in the borough of Brooklyn for the defendant for $3,250, the first payment to be $1,000 when the building was erected and the brown mortar on, the second $500 when the trim was completed, and the final payment $1,750 upon the completion of the work; payments to be made on the architect's certificate. The complaint alleges that the plaintiff completed the contract except certain work of the value of $250, and that there is due him under the contract $2,000—the $250 being deducted. But it then alleges that "the plaintiff duly fulfilled and performed all of the conditions" of the contract, but was prevented from completing the same "within the time therein specified" on account of certain extra work done by him at the defendant's request, and also because the defendant did not make the payments as agreed. It is impossible to reconcile these allegations. They show that not only was the contract not completed in the contract time, but that it was also not completed to the extent of work of the value of $250. No excuse for this latter non-performance is alleged; and hence no cause of action is alleged.

The second cause of action is based on an oral contract for the building of another house on the same plot the same as the first house and for the same price and according to the terms of the written contract for the first house. The complaint alleges that the plaintiff performed work of the value of $1,200 thereon, and that nothing has been paid thereon. There is no other allegation concerning that contract, or its

performance. There being no allegation that the work and material necessary to the first payment had been done and furnished, no cause of action was alleged.

The evidence is as deficient as the complaint. The first payment on the first house was made on the architect's certificate. He thereafter gave a certificate for the payment of $1,000 more. It could only be for $500 on the first house, i. e., for the second payment. It is said, and the court found, that $500 of it was for work and material on the second house, for which nothing had yet been paid. The certificate did not say that $500 of it was on the second house, and that could not be so, for the first payment was by the contract to be $1,000, as we have seen. But without puzzling over this, it sufficeth that the plaintiff's own evidence shows that the trim was not completed on the first house, and hence that the second payment thereon and the certificate therefor was not due; and that there was no evidence that the work and material necessary for the first payment of $1,000 on the second house was done and furnished. The evidence is that the plaintiff quit the second contract because the inspector from the building department told him he must put in bolts deep enough in the foundation to hold the frame superstructure to the foundation—just how does not appear —and the defendant refused on the plaintiff's request to agree to pay extra for such bolting. Specifications do not as a rule provide for the nails and bolts necessary to make a structure safe—that is an implied detail of the work for the contractor to attend to—and the specifications in this case do not. In addition to that a building inspector has no power to impose any conditions different to the specifications on file with and approved by the building department, as has to be the case in respect of all buildings being erected. If this inspector imposed anything illegal, the plaintiff was not bound to comply with it. The framework of this building had been twice blown off the foundation, and the building inspector may have been quite right in insisting that it be properly fastened to the foundation so that it should not be blown off again. The defendant agreed in the written contract that he would keep the building insured for his and the contractor's benefit as it progressed against damage by "fire, lightning, earthquake, cyclones or other casualty," but he only insured it against fire. It was a high wind which blew the framework off the second time. The plaintiff did not quit for this; he went back to work and quit for the reason already stated. It would seem that the failure to insure would not be a ground for quitting; it was not a condition precedent.

The learned trial court found that work and material of the value of $725 was short in the performance of the contract for the first house, but gave judgment of foreclosure for the balance, less the said first payment of $1,000. It found that the foundation of the second house was worth $250 and gave judgment of foreclosure for that sum. It denied foreclosure for the framework as that was not there, having been blown off. But it gave a personal judgment of $1,000 against the defendant for the framework, "the loss being traceable directly to defendant's breach of the contract to insure," as is said in the opinion below. But there was no action for a breach of the contract in that respect before the court.

The learned trial court allowed three amendments of the complaint in respect of the cause of action for the second house during the trial, evidence being objected to on the ground that the complaint did not state facts sufficient. It is not necessary to determine whether these amendments eked out a sufficient cause of action, for even so the evidence was insufficient.

The judgment should be reversed.

Judgment reversed on questions of fact and of law, and new trial granted; costs to abide the final award of costs. All concur.