LARME ESTATES, INC., Respondent, *v.* OMNICHROME CORPORATION, Appellant.

First Department, April 9, 1937.

*Nathan Weinstein* of counsel [*Marshall H. Rosett* and *Aaron E. Klein* with him on the brief; *Joseph Rosenbaum*, attorney], for the appellant.

*Joseph Feldman* of counsel [*Irwin H. Rosenberg* and *Herbert M. Rosenberg* with him on the brief; *Louis Rosenberg*, attorney], for the respondent.

O'MALLEY, J. Plaintiff sues to recover damages accruing subsequent to September 15, 1935, by virtue of an alleged unlawful discharge on that date of Joseph S. Friedman, its assignor, under a contract between him and one Von Fraunhofer. The latter assigned the contract to the defendant, who assumed all its terms and conditions.

A prior action was brought in the City Court by Friedman against this defendant and the Photo-Chemical and Dye Corporation (hereinafter called Photo-Chemical). The latter was an affiliate of the present defendant, and Friedman's services had been assigned to it for a limited period. By this assignment, however, he was entitled to payment from either corporation.

In the City Court action two causes were pleaded. The first was solely against the present defendant upon an express contract in

writing (as modified) for a balance of salary in the amount of $1,400 for the period from June 1, 1935, to September 15, 1935, the date of discharge. The second was in *quantum meruit* and was brought not only against the present defendant but also the Photo-Chemical. This cause of action was also for a balance due in like amount for services rendered during the same period.

While not part of the record on appeal, the judgment roll in the City Court may and should be here considered. (*People* v. *Flack*, 216 N. Y. 123; *Dunham* v. *Townshend*, 118 id. 281, 286.) Judgment in that action was entered by consent in favor of plaintiff for $500.

So far as the issues in the City Court action are concerned, the estoppel by this consent judgment as to the matters involved and those which might have been litigated is as conclusive as if that judgment had been entered after a full trial. (*Canfield* v. *Harris & Co.*, 252 N. Y. 502; *Crouse* v. *McVickar*, 207 id. 213.) The issues which were, or might have been, decided must be determined, not from the face of one, but from all of the pleadings.

Both in the City Court and in the present action the plaintiff and this defendant relied upon an express contract. The answer of this defendant in the City Court admitted the existence of such agreement between these parties by failing to deny the allegations of the complaint pleading it.

Where there is an express contract there may be no recovery upon the theory of an implied contract. (*Miller* v. *Schloss*, 218 N. Y. 400, 406, 407; *Ætna National Bank* v. *Fourth National Bank*, 46 id. 82; *Kreitner* v. *Burgweger*, 174 App. Div. 48, 51.) Hence the estoppel of the City Court judgment applies to the express contract between the parties in writing — the basis of the present action.

The defenses herein interposed are substantially similar to those interposed by the defendant in the City Court action, or which might have been litigated therein. Summary judgment, therefore, was properly granted in favor of plaintiff, save for the admeasurement of damages. The issues between the parties in this action were compassed by the consent judgment in the City Court.

Furthermore, the defenses (similar in the two actions) were pleaded in the City Court action, not only with respect to the first, but also to the second cause of action upon *quantum meruit*. Plaintiff's assignor was charged in the City Court action, as here, with having disregarded his duties and having divulged for the benefit of others trade secrets and secret processes of manufacture. This defense, if proved in the City Court, would have precluded recovery on the second as well as the first cause of action.

The defense of payment here pleaded may not be sustained in so far as it might be predicated upon payment made in the settle-

ment of the City Court action. Such payment was for a different cause of action — to recover for services already rendered. The damages here sought are for the unlawful discharge and those accruing subsequently.

The defense interposed in this action, to the effect that plaintiff's assignor failed to carry out his express agreement to deposit with the defendant a full and complete set of formulæ, might have been litigated as a defense to both causes in the City Court.

It is further to be noted that this defendant itself seeks to defend the present action on the theory of estoppel, predicated upon the consent judgment. In its brief it urges that the claim here sued upon " is merged in the judgment obtained in the City Court." Upon the whole record, moreover, there seems to be no showing of merit entitling the defendant to defend, save for the admeasurement of damages.

Motion for summary judgment, therefore, was properly granted.

It follows, therefore, that the order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., and McAVOY, J., concur; DORE and COHN, JJ., dissent and vote to reverse and deny the motion.

COHN, J. (dissenting). This action is to recover damages in the sum of $17,000, with interest, for breach by defendant on September 15, 1935, of a written contract of employment made with plaintiff's assignor, Joseph S. Friedman. The contract provided for a term of three and one-half years to commence on June 20, 1934, and for monthly payments of salary as fixed therein.

A previous action had been brought in the City Court by Friedman against this defendant for salary earned from June 1, 1935, to the date of the alleged breach. Two causes of action were there stated. The first was to recover the sum of $1,400 compensation due for services rendered upon the monthly scale specified in the contract. The second was to recover upon a *quantum meruit* basis for the same services. A judgment on consent in the sum of $500 was entered in favor of Friedman and against this defendant and another corporation, an affiliate of the present defendant, to which Friedman's services had been assigned for a certain period. Under the assignment, however, Friedman was entitled to payment from either corporation.

It is the contention of plaintiff that the consent judgment in the prior action established the validity and continued existence of the contract and that the said judgment is *res adjudicata* as to the defenses interposed in this action because the same defenses were determined in the City Court in favor of plaintiff. The defenses

pleaded in the prior action were as follows: (1) Payment, (2) mutual cancellation of the employment contract as of May 1, 1935, (3) abandonment by Friedman of defendant's employment, and (4) breach by Friedman of the contract in that he disclosed trade secrets of defendant.

In the present action these defenses are again set forth, but there is added the defense that plaintiff's assignor failed to deposit with defendant a full set of formulæ as provided in the contract, and a defense and counterclaim based upon the alleged wrongful revelation by plaintiff's assignor of trade secrets, and refusal to deposit formulæ, causing defendant damage in the sum of $100,000.

The burden of proof as to *res adjudicata* rests upon the person asserting it. (*Jasper* v. *Rozinski*, 228 N. Y. 349, 356; *Townsley* v. *Niagara Life Insurance Co.*, 218 id. 228, 233; *Griffen* v. *Keese*, 187 id. 454; *Rudd* v. *Cornell*, 171 id. 114, 128.) Where a second action, although between the same parties, is upon a different cause of action from the first, the judgment in the former action is conclusive on those matters which were *actually in issue and adjudicated therein*, and not as to matters which might have been litigated in the former action. (*Griffen* v. *Keese, supra,* at p. 464; *Cromwell* v. *County of Sac.*, 94 U. S. 351; 2 Freeman on Judgments [5th ed.], § 689.) The two causes of action, that is, the one litigated in the City Court and the present one, *must* have such a measure of identity that a different judgment upon this cause of action would impair the rights or interests established by the first judgment. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 307.) The cause of action here is for damages for breach of the written contract, beginning with the period when the actual services ended and terminating with the end of the contract period. As the present action differs from the former action, the estoppel here, if it exists, must be limited to the points actually determined in the former trial. (*Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 N. Y. 239, 243.) What was actually determined by the City Court judgment must be established by plaintiff, the party who claims the estoppel. When the question whether a certain issue was in fact determined in the former suit is to be tried, oral evidence is competent upon that question. In the absence of proof that an issue was actually tried and determined in arriving at a former judgment, it is conclusive by way of estoppel only as to those facts which necessarily were involved and without proof of which it could not have been rendered. (*Waterhouse* v. *Levine*, 182 Mass. 407, 409; 65 N. E. 822; *Richstein* v. *Welch*, 197 Mass. 224; 83 N. E. 417; *Cromwell* v. *County of Sac, supra; Ridgley* v. *Stillwell*, 27 Mo. 128, 132; Bigelow on Estoppel [6th ed.], at p. 97.)

The judgment of $500 in the City Court action is not *res adjudicata* as to the existence and validity of the contract or as to the defense of mutual cancellation of the employment contract as of May 1, 1935, or as to any other defenses which relate to the breach of the written contract of employment. The consent judgment in the lesser sum did not necessarily establish the valid existence of the contract, which was the basis of the first cause of action in the suit instituted in the City Court, but there may well have been a recovery there on a strictly *quantum meruit* basis upon the second cause of action without regard to the written agreement.

In the absence of a showing by plaintiff that the issues actually determined in arriving at the prior judgment were based upon the first cause of action, namely, judgment for damages for services rendered *under the written contract*, the defenses there interposed, in so far as they relate to the written agreement, are still available to the defendant in this action.

Moreover, upon the papers submitted, issues of fact are presented which, in our opinion, warranted a denial of the motion for summary judgment.

For these reasons the order appealed from should be reversed and the motion for summary judgment should be denied.

DORE, J., concurs.

Order affirmed, with twenty dollars costs and disbursements.