LARME ESTATES, INC., Respondent, *v.* OMNICHROME CORPORATION, Appellant.

Argued September 29, 1937; decided October 19, 1937.

*Nathan Weinstein, Marshall H. Rosett* and *Joseph Rosenbaum* for appellant. The judgment entered in the City Court action does not resolve the issues in the instant action in plaintiff's favor. (*Tennant* v. *Dudley,* 144 N. Y. 504; *Emery* v. *Litchard,* 137 Misc. Rep. 885;

*Sweet* v. *Henry*, 175 N. Y. 268; *People ex rel. Norwich Pharmacal Co.* v. *Porter*, 228 App. Div. 54.) The causes of action are different. (*Perry* v. *Dickerson*, 85 N. Y. 345; *Carlson* v. *Albert*, 117 App. Div. 836; *Marine Transit Corp.* v. *Switzerland General Ins. Co.*, 263 N. Y. 139; *Wille* v. *Maier*, 256 N. Y. 465; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.) The same issues were not determined in the City Court action. (*Marine Transit Corp.* v. *Switzerland General Ins. Co.*, 263 N. Y. 139; *Bell* v. *Merrifield*, 109 N. Y. 202; *Rudd* v. *Cornell*, 171 N. Y. 114; *Watson* v. *Ross*, 168 App. Div. 788; *Russell* v. *Place*, 94 U. S. 606; *McCarty* v. *Lehigh Valley R. R. Co.*, 160 U. S. 110; *United States* v. *Adams*, 281 U. S. 202; *Oklahoma* v. *Texas*, 256 U. S. 70; *De Sollar* v. *Hanscome*, 158 U. S. 216; *Watson* v. *Ross*, 168 App. Div. 788.) Defendant sets forth defenses which were not pleaded or available in the prior suit. (*Abbott* v. *Stern Bros.*, 248 App. Div. 161; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Nesbit* v. *Riverside Independent District*, 144 U. S. 610; *Jacobson* v. *Miller*, 41 Mich. 90.) Defendant has numerous real defenses to plaintiff's cause of action. (*Macauley* v. *Press Pub. Co.*, 170 App. Div. 640; 222 N. Y. 696; *Graves* v. *Kaltenbach & Stephens, Inc.*, 205 App. Div. 110; 237 N. Y. 546; *Beck* v. *Fybern Holding Corp.*, 238 App. Div. 25.)

*Joseph Feldman, Irwin H. Rosenberg, Herbert M. Rosenberg* and *Louis Rosenberg* for respondent. There is no *bona fide* defense to this action. (*Cammack* v. *Slattery & Bro., Inc.*, 241 N. Y. 39; *Steinberg* v. *Simon*, 179 App. Div. 67; *Meyers* v. *Knights of Pythias*, 194 App. Div. 405; *Mitchel* v. *Dunmore Realty Co.*, 156 App. Div. 117; *Hopfan* v. *Knauth*, 156 Misc. Rep. 545; *Strasburger* v. *Rosenheim*, 234 App. Div. 544.) The prior judgment constitutes a conclusive adjudication as to the invalidity of the alleged defenses pleaded in this action. (*Dunham* v. *Townshend*, 118 N. Y. 281; *People* v. *Flack*, 216 N. Y. 123; *Canfield* v. *Harris & Co.*, 252 N. Y. 502; *Crouse* v.

*McVickar*, 207 N. Y. 213; *Old Town Woolen Co.* v. *Fishman & Son, Inc.*, 218 App. Div. 472; *DeForest Radio Tel. & Tel. Co.* v. *Triangle Radio Supply Co.*, 243 N. Y. 283; *Johnson* v. *Tyng*, 1 App. Div. 610; *Secular* v. *Bookstaber*, 136 App. Div. 868.)

RIPPEY, J. On June 19, 1934, Hans Von Fraunhofer and Joseph S. Friedman entered into a written contract whereby the former employed the latter as a research chemist in color photography and color cinematography in connection with the development of processes, materials and machinery useful in connection therewith for a term of three and one-half years commencing June 20, 1934, at a salary payable in monthly installments at the end of each month of $1,800 for the first six months, $6,000 for the next year, $7,500 for the following year, and $9,000 for the last year, and at a salary of $12,000 per year, payable in monthly installments at the end of each month, for an additional period of five years in the event the contract should be extended for that additional period. Friedman agreed (1) to devote his time and attention and give his best efforts and skill to Von Fraunhofer and perform such services as might be demanded of him (2) not to enter the employ or render any services during the term of employment to any other person or engage in business on his own account or become interested with any other person in business (3) that he would not, during such term, communicate or divulge to others or use for others' benefit any trade processes or secrets used by Von Fraunhofer (4) that any new discoveries or inventions made by him and new formulas, new apparatus or machinery, new methods and technique developed by him should belong to Von Fraunhofer who might procure letters patent thereon, and to install plants and teach therein methods and processes of operation as directed.

Von Fraunhofer thereafter assigned the agreement to the Omnichrome Corporation. On December 28, 1934,

that corporation and Friedman entered into an agreement in writing by which the latter agreed (1) to reduce his salary from $500 to $300 per month until the corporation reached actual production (2) to deposit with the corporation, on or before January 1, 1935, a full and complete statement of all formulas, chemical and otherwise, that are used or employed in the process of color photography and color cinematography, more particularly covered by certain patent applications (3) to permit an assignment of the agreements by the Omnichrome Corporation to any subsidiary or affiliate corporation, whereupon the Omnichrome Corporation would be relieved from any obligation to him, and (4) that, otherwise, the agreement of June 19, 1934, should remain in full force and effect. On January 31, 1935, the Omnichrome Corporation acknowledged receipt of the chemical formulas used by Friedman to that date and notified him that his services had been turned over to the Photo-Chemical and Dye Corporation for the period from January 1, 1935, to June 30, 1935, to whom he was to report and that one or the other corporation would pay his salary.

On April 17, 1936, the Larme Estates, Inc., as assignee of Friedman, commenced this action against the Omnichrome Corporation to recover $17,000 damages, with interest from September 15, 1935, for breach of the contract of June 19, 1934. It was alleged that defendant repudiated the contract on September 15, 1935, and refused to permit Friedman longer to perform. Defendant denied all the material allegations of the complaint except the execution and assignment of the contract and set up separate, distinct and complete defenses of (1) payment (2) mutual cancellation of the contract on May 1, 1935 (3) abandonment of the contract by Friedman (4) violation of the provision of the contract not to divulge trade secrets and secret processes, and (5) violation of the provisions requiring him to deposit formulas, etc. Defendant also set up two affirmative partial defenses, the first one of which was to the effect that Friedman had obtained

other employment and the second was that he could or should have done so and thereby reduced defendant's liability. Defendant also counterclaimed for $100,000 damages for breach of contract on the part of Friedman, alleging that he had communicated defendant's trade secrets and formulas to others and had injured its business and profits thereby. Plaintiff did not reply.

Thereupon plaintiff moved, on affidavits, to strike out the answer and for a reference to assess damages and for judgment on the complaint. The motion was granted. Defendant appealed and the order was affirmed by a divided court. The Appellate Division allowed an appeal to this court and certified two questions:

" 1. Is the judgment in the City Court action *res adjudicata* on the issues raised in this action?

" 2. Is the plaintiff entitled to summary judgment, striking out the answer and referring the matter to an official referee to assess damages as a matter of law on the facts recited in the papers herein? "

and stayed all proceedings pending determination of this appeal.

Plaintiff asserted and the Appellate Division has held that defendant is here estopped to assert any of these defenses by virtue of an adjudication in the City Court of the City of New York in a suit in which Friedman was plaintiff and the Photo-Chemical and Dye Corporation and the Omnichrome Corporation were defendants, under date of February 10, 1936, in which plaintiff recovered judgment *against both corporations* for $500 by consent. The complaint in the City Court action set up two causes of action. The first cause of action was *against Omnichrome Corporation only* and was based on the two written agreements above mentioned, the allegation that plaintiff entered into and continued in the employ of Von Fraunhofer until December 28, 1934, and continued in the employ of the Omnichrome Corporation thereafter until September 15, 1935, when he was discharged, and the allegation that there was due and owing from the Omni-

chrome Corporation for salary from June 1, 1935, to September 15, 1935, inclusive, the sum of $1,550, less $150 previously paid. The second cause of action *was against both defendants* upon a *quantum meruit* for the same sum for the services during the same period. There was no allegation in the first cause of action under which recovery could be had against the Photo-Chemical and Dye Corporation nor did plaintiff claim any right to recover against it under that cause of action. Recovery against it was possible only under the allegations of the second cause of action which did not involve any adjudication on the written contracts. The cause of action then was solely on a *quantum meruit* for past services performed prior to September 15, 1935. Here, plaintiff sued for the agreed value under the written contract for services to be performed after September 15, 1935, to the end of the contract period but which, it is alleged, plaintiff was not permitted by defendant to perform because he was, on that date, discharged. None of the defenses set up in the City Court action and here set up were pertinent to the cause of action upon which there was an adjudication in the previous action, no decision was there made as to any of them and the adjudication there creates no estoppel to assert the defenses here. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307; *Wille* v. *Maier*, 256 N. Y. 465.) It is clear, therefore, that there was, in fact, no adjudication between Friedman and the Omnichrome Corporation on any issue involved under the pleadings in the case at bar. A judgment here will not destroy or impair rights and interests established by the former judgment. (*Marine Transit Corp.* v. *Switzerland General Ins. Co.*, 263 N. Y. 139.) The parties stand here in the same position as if the suit in the City Court had never been commenced. The court has unanimously reached that conclusion.

However, a majority of this court agree with the Appellate Division (250 App. Div. 538, 541) that upon

432

the affidavits of both parties no substantial issue of fact is presented and that "there seems to be no showing of merit entitling the defendant to defend, save for the admeasurement of damages." The minority, of which I am one, is of a contrary opinion but we must defer to the majority.

It follows that the order of the Appellate Division should be affirmed, with costs, the first question certified answered in the negative, and the second question in the affirmative .

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CRANE, Ch. J., concurs with RIPPEY, J., that there is a question of fact to be tried.

Order affirmed, etc.