THALIA R. ROBERTSON and DONALD W. ROBERTSON, Respondents, v. WILLIAM H. ROSE, Doing Business under the Name and Style of WILLIAM, Appellant.— In an action by plaintiff wife to recover damages for injuries sustained when she slipped and fell on the floor in a beauty parlor maintained by defendant, and by her husband for loss of services and expenses, judgment in favor of plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

GUSTAVE SODERBERG, an Infant, by His Guardian ad Litem, GUSTAVE J. SODERBERG, and GUSTAVE J. SODERBERG, Appellants, v. PERCY M. PROCTOR, Respondent.— Action to recover damages for personal injuries allegedly suffered by the infant plaintiff, and for loss of services by his father, the adult plaintiff, because of the utterance by the defendant in the presence of the two plaintiffs and the infant's mother of certain language reflecting on the infant, which language, however, was not slanderous *per se*. Judgment for the defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

WALTER S. STRAUSS, Appellant, v. G. H. MUMM CHAMPAGNE (SOCIETE VINICOLE DE CHAMPAGNE, Successors) and ASSOCIATES, INCORPORATED, Respondent.— Action for damages for alleged breach of contract of employment. Order denying plaintiff's cross-motion for summary judgment unanimously affirmed, with ten dollars costs and disbursements. Order granting defendant's motion for summary judgment, and the judgment entered thereon, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The record discloses that there are questions of fact which must be disposed of on a trial and may not be decided on conflicting affidavits and sworn statements. The true version of the April, 1940, conversation is determinative of this litigation. If, on that occasion, the parties agreed to a change in the terms of weekly compensation and in addition agreed upon a new term of employment for fourteen months, then the defendant must prevail because such a contract, even though void under the Statute of Frauds, would preclude the arising of a contract for one year by implication from the end of the period covered by the written contract of May 31, 1939. The law will not imply a substitute promise or contract for an express contract of the parties. (*Ætna National Bank* v. *Fourth National Bank*, 46 N. Y. 82, 86; *Lonsdale* v. *Migel, Inc.*, 222 App. Div. 197, 201.) In determining the question as to the true scope of the April conversation or arrangement, the plaintiff is in error in thinking that the admissions in his first cause of action, although abandoned, may not be considered; and the defendant is in error in assuming that these admissions are conclusive. The plaintiff is also in error in assuming that Mulligan's testimony before trial is conclusive and precludes the consideration of his supplemental statement contained in his affidavit that the conversation was that the future employment was to be on a week to week basis. The questions of fact engendered by the contradictory oral and sworn statements of the parties with respect to the true scope and nature of the April, 1940, conversation may be disposed of only on a trial as the differing versions lead to different legal consequences. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.