■ FRED C. ABINET, Appellant, v. GASPER MEDIAVILLA, Respondent.— In an action to foreclose a mechanic's lien, the appeal is from a judgment of the County Court, Suffolk County (designated in the notice of appeal as an order and judgment), dismissing the complaint on the merits, directing cancellation of the lien, and awarding costs to respondent. Judgment modified by striking from the first ordering paragraph the words "on the merits" and by substituting therefor the words "without prejudice" and by striking from said judgment the second ordering paragraph. As so modified judgment unanimously affirmed, without costs. In our opinion, the learned Trial Judge properly ruled that appellant was required to plead and prove the written contracts between the parties and facts showing either excuse for his nonperformance thereof or respondent's waiver of the terms and conditions thereof (*Robinson v. Chinese Charitable Assn.*, 47 App. Div. 69; *Paturzo v. Shuldiner*, 125 App. Div. 636). The mere allegation of performance is insufficient to support proof that performance was waived (*Burr v. Union Sur. & Guar. Co.*, 86 App. Div.

545; *Stokes Bros.* v. *Drefs,* 244 App. Div. 524). Appellant was not free to disregard the writings and to rest upon the contract implied in his claim for recovery upon the theory of *quantum meruit.* No contract will be implied in law where an express and enforcible contract exists between the same parties as to the same subject matter and where a conflict would result (*Larme Estates* v. *Omnichrome Corp.,* 250 App. Div. 538, 540, affd. 275 N. Y. 426; *Strauss* v. *Mumm Champagne & Associates,* 262 App. Div. 971). Where in fact a written contract exists, a contractor may recover the value of services rendered by him, if he has only partly performed by reason of the defendant's prevention, repudiation, abandonment or waiver of the written contract provisions (5 Williston on Contracts [rev. ed.], pp. 4076–4077), but his complaint, to be sufficient, must be founded upon the writing (*Kelly* v. *St. Michael's R. C. Church,* 148 App. Div. 767, 770). He may not proceed upon a defective complaint and expect to cover a departure from proper practice by a motion to conform his pleading to the proof (*Audley* v. *Townsend,* 126 App. Div. 431). The learned Trial Judge's willingness to allow appellant to amend his complaint, upon terms, was eminently correct and fair (*Kelly* v. *St. Michael's R. C. Church, supra*). In view of appellant's offer of proof of excuse for nonperformance, unacceptable under his present complaint and given for the purpose of testing by appeal his position on the law, and in view of the stipulation to reinstate respondent's counterclaims for damages in the event of reversal or modification, we have concluded that in the interests of justice the dismissal of the complaint should not have been on the merits under the peculiar circumstances of this case. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.