HOHENBERG Co., INC., Respondent, *v.* IWAI NEW YORK, INC., Appellant.

First Department, December 9, 1958.

*Thomas J. Whalen* of counsel (*S. F. Peavey, Jr.,* attorney), for appellant.

*Milton S. Teicher* for respondent.

VALENTE, J. The complaint in this case contained two causes of action. In the first, plaintiff sought to recover, under an express contract, commissions of 5% of the gross selling price of approximately 33,000 pounds of cashmere yarn. The second cause of action alleged that plaintiff had been requested by defendant to assist, advise and co-operate with defendant in the production, marketing, selling and distribution of various types of defendant's yarn; that pursuant to that request plaintiff performed certain services along those lines; that such work was performed by plaintiff "without any express contract" but with the knowledge by defendant that plaintiff expected to be

paid therefor; that defendant "accepted and received the benefits thereof, and agreed to pay therefor."

Upon trial, a jury returned a verdict in favor of defendant on the first cause of action, and in favor of plaintiff, in the sum of $9,000, on the second cause of action.

We are concerned here with defendant's appeal from the judgment entered on the verdict as to the second cause of action. In our view, a new trial is necessary because the jury was not adequately instructed as to the nature of plaintiff's claim under the second cause of action, and further, because plaintiff failed to offer sufficient proof as to the reasonable value of the services alleged to have been rendered.

The charge did not satisfactorily direct the jury's attention to the issues they were called upon to consider as to plaintiff's claim for reasonable compensation. There is, even at this stage, some confusion in the minds of the parties as to the nature of plaintiff's second cause of action. On this appeal plaintiff asserts that its theory, simply stated, is: " Plaintiff rendered advisory and technical services at the express request of defendant for which defendant agreed to pay, although the amount of compensation was not fixed. Under such circumstances, the law implies an agreement to pay a reasonable compensation for plaintiff's services." The testimony of plaintiff's witness was directed toward support of this theory.

Defendant denied there was any such independent agreement and contended that the services which were rendered by plaintiff were related entirely to the agreement to pay a brokerage commission, if earned, which was the subject of the first cause of action.

Thus, the issue to be determined by the jury was whether plaintiff's services, for which it sued in the second cause of action, were unconnected with the services as broker for which compensation was claimed in the first cause of action, and whether there was, as alleged by plaintiff, an agreement to pay therefor.

The court, in its charge, dealt with liability based on implied contracts, i.e., obligations independent of express agreements. It is apparent that such a charge did not correctly appraise the nature and theory of plaintiff's claim. Plaintiff, in the second cause of action, was suing upon an agreement to pay for certain services, and was contending that where the quantum of payment was not fixed by the agreement a reasonable compensation was the legal measure.

Where a broker is employed to sell property on a commission basis, there cannot be any recovery, on a theory of a contract

implied in fact, for services rendered by the broker apart from commissions he may earn on a sale. For where there is an express contract no recovery can be had on a theory of implied contract. (See *Larme Estates* v. *Omnichrome Corp.*, 250 App. Div. 538, 540, affd. 275 N. Y. 426; *Miller* v. *Schloss*, 218 N. Y. 400, 406, 407; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 383.) Hence, the jury should have been instructed that if they found defendant had requested assistance and advice from plaintiff, they must then determine whether such services were in furtherance of the brokerage agreement (in which event the prospective commissions were to be in full compensation) or whether there was a separate agreement to pay for such services, apart from the commissions to be earned. The measure of compensation would then be the reasonable value of such services. In the present state of the charge, the jury could have based their verdict on the improper assumption of an implied contract to compensate plaintiff for its unsuccessful efforts as a broker. The jury was not cautioned against considering services rendered under the brokerage agreement as part of the claim under the second cause of action.

Moreover, there was insufficient evidence as to the value of the alleged services. The only witness for plaintiff testified to the services rendered and the number of hours devoted thereto. He was not permitted to give his opinion as to the reasonable value of the services. No other evidence was offered. In *Winch* v. *Warner* (186 App. Div. 710, 713–714) it was held that "there must be evidence of the value of services, other than that showing the nature and extent thereof, in order to authorize a recovery on *quantum meruit* of more than a nominal amount therefor".

The judgment should be therefore modified, on the law and in the exercise of discretion, to the extent of reversing the judgment in favor of plaintiff as to the second cause of action, and a new trial ordered, with costs to abide the event.

BOTEIN, P. J., BREITEL, RABIN and McNALLY, JJ., concur.

Judgment unanimously modified, on the law and in the exercise of discretion, to the extent of reversing the judgment in favor of plaintiff as to the second cause of action, the action is severed and a new trial is ordered as to the second cause of action; and, as so modified, the judgment is affirmed, with costs to abide the event.