■ RAYMOND J. POLLEY et al., Doing Business under the Name of RAY POLLEY ASSOCIATES, Appellants, v. PLAINSHUN CORP. et al., Respondents, et al., Defendant.— In an action by a firm of real estate brokers to recover the reasonable value of work, labor and services performed in connection with the leasing of a parcel of real property (1st cause of action), to recover a brokerage commission for the leasing of said property (2d cause of action), and to recover a brokerage commission for the leasing of another parcel of real property (3d cause of action), the appeal is from an order on reargument which (1) dismissed the first cause of action for insufficiency (Rules Civ. Prac., rule 106, subd. 4), (2) struck out the second and third causes of action and paragraph "Thirtieth" of the third cause of action as sham (Rules Civ. Prac., rule 103), and (3) dismissed the second and third causes of action on the merits, without leave to replead. Order modified (1) by striking from the third ordering paragraph everything following the words "in all respects" and by substituting therefor the words "denied; and it is further", (2) by striking from the fourth ordering paragraph everything following the words "the same hereby is" and by substituting therefor the words and figure "granted to the extent that said third cause of action and paragraph 'Thirtieth' of said third cause of action be and the same hereby are stricken out, pursuant to Rule 103 of the Rules of Civil Practice, on the grounds that said third cause of action and paragraph 'Thirtieth' of said third cause of action are false and sham; and it is further", and (3) by striking from the fifth ordering paragraph the words "second and third causes of action are" and by substituting therefor the words "third cause of action is". As so modified, order unanimously affirmed, with $10 costs and disbursements to appellants. It was conceded that, standing alone, the first cause of action, which is in quasi contract, on its face states facts sufficient to constitute a cause of action. However, upon reading it together with the second cause of action, which alleges an express agreement, the learned Special Term held that appellants could not proceed on the theory of quasi contract. This was error. Assuming that it were proper on such a motion (to dismiss for insufficiency) to read the causes of action together, for which procedure no authority is cited, the existence of an express contract covering the subject matter bars recovery on an inconsistent contract implied *in fact*, but not on a quasi contract, which is implied in law (*Larme Estates* v. *Omnichrome Corp.*, 250 App. Div. 538, 540, affd. 275 N. Y. 426; *Miller* v. *Schloss*, 218 N. Y. 400, 406–407). Respecting the second cause of action, it appears that execution of the leasing agreement was frustrated by condemnation of the property. Nevertheless, respondents obtained the benefit of appellants' work in the form of an increased condemnation award, which reflected the enhanced value due to the leasing. Taking judicial notice of the current land boom in Nassau County, wherein the subject property is located, the learned Special Term held that the enhancement in value was due to the boom and not to appellants' efforts, wherefore said

cause of action was struck out as sham. This, too, was error. While it may be common knowledge that the demand for real property in Nassau County has caused a considerable appreciation in such values there, the court cannot know, without resort to expert testimony or other proof, to what extent, if any, the award in condemnation herein was further enhanced by appellants' achievement. The courts will not take judicial notice of such matters as are unascertainable without proof (*Ansorge* v. *Belfer,* 248 N. Y. 145; *Matter of McCafferty,* 147 Misc. 179; 31 C. J. S., Evidence, § 9, p. 512.) Under the circumstances, a question of fact is presented as to whether respondents obtained the benefits of appellants' labor in the form of a larger condemnation award. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.