■ L. A. CLIFFORD REALTY, INC., Appellant, v RICHARD DUDRAK et al., Respondents.—Order unanimously reversed, without costs, and a new trial granted, in accordance with the following memorandum: Plaintiff, L. A. Clifford Realty, Inc., appeals from an order of Supreme Court, Oneida County, which denied its motion for a new trial. Plaintiff sued the defendants for the sum of $4,716 for real estate commissions allegedly due and owing on the sales of a number of properties. The complaint sets forth a single cause of action. At the trial defendant, Richard Dudrak, admitted during his testimony that the defendants owed plaintiff the total sum of $2,500 for all transactions. At the close of all the evidence the court granted plaintiff's motion for a directed verdict (CPLR 4401) in the sum of $2,500 based upon the oral admission. Thereafter, the plaintiff sought to amend or clarify his motion; plaintiff desired only a partial directed verdict for $2,500 and requested that the issues of fact as to defendants' liability in excess of $2,500 be submitted to the jury. The court denied this motion. Plaintiff then made the postverdict motion under review for a new trial on the issues of fact as to whether or not defendants owed plaintiff a sum in excess of $2,500. The record amply demonstrates that plaintiff's motions were based on the erroneous assumption that it was entitled to judgment to the extent that defendants admitted liability and that the jury would render a verdict as to defendants' liability on the claims for commissions in excess of $2,500 arising from the separate sales. The granting of plaintiff's motion for a directed verdict disposed of the entire case (4 Weinstein-Korn-Miller, NY Civ Prac, par 4401.04). A judgment may not be fragmented and granted on a part of a single cause of action where an issue is not logically severable, i.e., when fragmentation is not feasible (see, generally, Siegel, Practice Commen-

taries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3212:30, pp 447-448). Plaintiff is not entitled to a new trial limited to the issues of fact as to defendants' liability in excess of $2,500. We hold, however, that under the circumstances of this case the trial court abused its discretion in not granting a new trial on all issues. (Appeal from order of Oneida Supreme Court—new trial.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.