■ NIXON GEAR AND MACHINE CO., INC., Respondent, v NIXON GEAR, INC., Appellant. — Order and judgment unanimously reversed, on the law and facts, with costs, and a new trial granted. Memorandum: Plaintiff and defendant entered into an "Asset Purchase Agreement," which provided that defendant would purchase plaintiff's equipment for $800,000 and its inventory at the net book value as of the closing date. Defendant placed $300,000 in escrow to be applied towards the purchase of the inventory. Subsequent to closing a dispute arose over the valuation of the inventory. Plaintiff claimed a value of $438,246; defendant maintained the inventory had a value of approximately $331,000. Plaintiff commenced the underlying action to recover the additional $138,246 allegedly due under the contract. At trial, defendant's president, Samuel T. Haines, was called to testify by plaintiff. Haines testified that the disputed inventory items had been segregated and tagged, that defendant had sold a portion of the disputed inventory for $34,000, that certain raw materials had a scrap value of approximately $7,500 and that an unknown quantity of finished products, termed "shelf items" had a scrap value of up to 10 cents per pound. Defense counsel's cross-examination of Haines touched upon those matters; however, counsel specifically reserved additional questions for direct examination during defendant's case. At the close of its proof, plaintiff moved to conform the pleadings to the proof so as to state a cause of action in quasi contract; for partial judgment in the approximate amount of $75,000 based upon the admissions of Haines; and for a directed verdict. The court reserved decision and the trial continued. After defendant had called two witnesses, neither of whom was Haines, the court granted plaintiff's motion to conform the pleadings to the proof and granted partial judgment. Defendant appeals from that order and the interlocutory judgment. It was an abuse of discretion for the court to grant plaintiff's motion to conform the pleadings to state a cause of action in implied contract. Generally, in the absence of surprise or prejudice, plaintiff should be granted leave to conform his pleadings to the proof even if a new theory of recovery is presented (CPLR 3025, subd [c]). However, where an express contract exists between the parties concerning the same subject matter, there may be no recovery upon a theory of implied contract (*Miller v Schloss,* 218 NY 400, 406-407; *Larme Estates v Omnichrome Corp.,* 250 App Div 538, 540, affd 275 NY 426; *Hohenberg Co. v Iwai N. Y.,* 6 AD2d 575, 578; *Abinet v Mediavilla,* 5 AD2d 679, 680). The court also erred in granting partial judgment on the basis of Haines' admissions. Plaintiff was proceeding on a single cause of action for $138,246 which it claimed was owing under a contract. "A judgment may not be fragmented and granted on a part of a single cause of action where an issue is not logically severable, i.e., when fragmentation is not feasible" (*Clifford Realty v Dudrak,* 72 AD2d 964). Further, it was improper to grant the motion for judgment based upon the purported admissions of Haines without permitting defendant to complete his proof. A number of issues and factual disputes were raised by defendant which conceivably could qualify or explain those admissions or render them immaterial (see *Fleder v Itkin,* 294 NY 77, 83; *Bartkowiak v St. Adalbert's R. C. Church Soc.,* 40 AD2d 306). (Appeal from order and judgment of Supreme Court, Onondaga County, Miller, J. — partial summary judgment.) Present — Simons, J. P., Callahan, Doerr, Denman and Moule, JJ.