■ IRVING J. DOYNE, Appellant, v FRANCES F. KERNER, as Executrix of GEORGE M. KERNER, Deceased, et al., Respondents. — In an action to recover damages for breach of a consulting contract, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Harwood, J.), dated June 2, 1982, as denied his motion for summary judgment. Order modified, on the law, by adding thereto a provision granting partial summary judgment to the defendants dismissing plaintiff's complaint to the extent that it seeks recovery of consulting fees payable after March, 1980. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff, Irving J. Doyne, was an independent contractor selling advertising space for the Thomas Publishing Co. (hereinafter Thomas) when in December, 1973, he entered into an agreement with his then employees, George Kerner and Bert Levy, which contemplated Doyne's retirement. Kerner's appointment as representative for Thomas, and the retention of Doyne as a consultant to Kerner and Levy at a fee of $1,500 monthly for two years and $1,000 per month for the seven years thereafter. Clause (A) (3) governed termination of the agreement prior to the expiration of its term, stating: "In case the said agreement between Thomas and Kerner should terminate, or in case Kerner or Levy should cease to represent Thomas in its publishing business, the employment of Doyne shall cease, and neither Kerner or Levy will be required to pay him any further compensation." In 1979 Kerner became seriously ill and Thomas notified him in December, 1979, that his contract to act for the company was canceled for reasons of health, that Levy was appointed in his place, and that if Kerner regained his health he would be reappointed. Kerner died in March, 1980, and Levy continued to manage the business. When Doyne failed to receive any

payments after January, 1980, he brought this action against Levy and Kerner's estate, seeking $35,000, representing the final 35 payments under the agreement. Levy defended on the basis that the agreement terminated upon the loss of Kerner's license in December, 1979. Plaintiff now appeals from so much of Special Term's order as denied his motion for summary judgment. The threshold determination is whether the termination clause in the partnership agreement is ambiguous (see *Sutton v East Riv. Sav. Bank,* 55 NY2d 550). This analysis involves a determination as to whether reasonable men may reasonably differ as to the meaning of the language employed in the contract, or whether the words under examination have a definite and precise meaning concerning which there is no reasonable basis for a difference of opinion (*Breed v Insurance Co. of North Amer.,* 46 NY2d 351, 355). In our view, the clause is unambiguous since it clearly provides for termination upon the termination of Kerner's contract with Thomas or upon either Kerner or Levy ceasing to represent Thomas. But, as determined by this court in a related action, there is a question of fact as to whether Kerner's appointment as Thomas' representative was canceled in December, 1979, when Levy was appointed in his place, or whether the appointment lasted until Kerner's death in March, 1980 (see *Kerner v Levy,* 88 AD2d 796). Although defendants did not cross-appeal, this court may search the record and grant them partial summary judgment (see CPLR 3212, subd [b]; *Jim, Jack & Joe Realty Corp. v Rothenburg,* 78 AD2d 634). Since the defendants are not liable, in any event, for any consulting fees due after March, 1980, an issue severable from their liability, if any, for the consulting fees payable in February and March, 1980, we grant the defendants partial summary judgment to the extent that their liability cannot exceed the principal sum of $2,000, representing the consulting fees for February and March, 1980 (see *Clifford Realty v Dudrak,* 72 AD2d 964). The trial of this action should thus be confined to the date of termination of Kerner's agreement with Thomas. Lazer, J. P., Mangano, Gulotta and Niehoff, JJ., concur.