■ In the Matter of Little L. Pittman et al., Respondents, v Board of Elections et al., Respondents, and Enoch Stackhouse et al., Appellants. Enoch Stackhouse et al., Appellants, v Little L. Pittman et al., Respondents, and Board of Elections et al., Respondents. — Judgment, Supreme Court, New York County (Martin Evans, J.), entered on August 23, 1983, unanimously affirmed, without costs and without disbursements. No opinion. Concur — Murphy, P. J., Carro, Bloom, Fein and Kassal, JJ.

## (August 25, 1983)

■ In the Matter of Ethel B. Danzig, Respondent-Appellant. Danzig, Bunks & Silk, P. C., Also Known as Silk & Bunks, P. C., Appellant-Respondent. — Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered January 10, 1983 which granted respondent's motion for reargument of its prior order of August 3, 1982 (which granted petitioner's prior motion for reargument of an April 13, 1982 order) and, upon such reargument, *inter alia,* permitted discovery and inspection of the cases, books and records of respondent corporation, denied vacatur of the August 3 order and denied leave to depose petitioner upon oral examination, modified, on the law and the facts, to grant respondent's motion insofar as it sought vacatur of the August 3, 1982 order and to deny petitioner's motion for discovery and inspection and vacate a direction that a special referee fully explore the issue of whether the shareholders' agreement precludes a *quantum meruit* method of evaluation of

petitioner's shares of respondent corporation and, as thus modified, the order is otherwise affirmed, without costs. Order, Supreme Court, New York County (Hilda B. Schwartz, J.), entered on April 28, 1982, which permitted petitioner's motion to dismiss respondent's four affirmative defenses to be withdrawn with prejudice is unanimously affirmed, without costs. The issue presented by this appeal is the determination of the proper method of evaluating petitioner's interest in respondent professional corporation so as to fix the compensation to be paid to her upon her becoming legally disqualified to practice law, following her elevation to the Bench on January 1, 1980. The relevant statutory provisions are sections 1509 and 1510 of the Business Corporation Law. Section 1509 provides that "legal disqualification to practice [a] profession * * * shall be deemed to constitute an irrevocable offer by the disqualified shareholder to sell his shares to the corporation, pursuant to the provisions of section 1510 or of the certificate of incorporation, by-laws or agreement among the corporation and all shareholders, whichever is applicable." Subdivision (a) of section 1510 provides that the "corporation shall purchase or redeem the shares of a shareholder * * * within six months after such disqualification, at the book value of such shares", but permits the shareholders' agreement, by-laws or certificate of incorporation to modify that provision to provide a shorter period of time within which the purchase or redemption shall be made. The shareholders' agreement between the parties reduced the period for the purchase or redemption of the disqualified or withdrawing shareholder's shares from six months to 60 days. Article 5 (b) of the agreement provides that "[i]n the event of a sale of stock [upon withdrawal pursuant to articles 2 (b) or (4)] the purchase price of such stock shall be the book value of said shares as determined from the balance sheet of the Company prepared for this purpose on the accrual basis of accounting * * * in accordance with generally accepted accounting principles * * * In determining book value for the purposes of this subparagraph, no value shall be attached to any accounts receivable or goodwill of the Company" (bracketed material not in original). It appears that arrangements were contemplated, as permitted by the parties' agreement whereby petitioner would transfer her interest in respondent corporation to her husband, who was to, and in fact did, resign his judicial office to resume the practice of law. Although transfer documents were apparently drafted, they were never executed and though petitioner's husband rejoined the respondent professional corporation, he apparently did so as an employee and without any proprietary interest in the firm. A dispute arose which resulted in petitioner's husband being "fired", following which, by letter dated October 21, 1981, respondent tenured a check to petitioner, purportedly representing her interest in the professional corporation, computed at what respondent claimed to be the "book value" of her shares. Petitioner rejected that tender and thereafter commenced this proceeding to dissolve the corporation. She contended that because both respondent and the other shareholders had failed to exercise their right to purchase her shares at book value within the time period prescribed either by the shareholders' agreement or section 1510 of the Business Corporation Law, that right was forfeited, and she had the right to require dissolution, in which event computation of the value of her shares was not to be limited to the book value formula. By order dated April 13, 1982, Special Term rejected petitioner's challenge to the timeliness of respondent's tender and as well, her claim of noncompliance by respondent with the requirements of the statute or the agreement. The court determined that an irrevocable offer to sell was extant and that the price of petitioner's shares was to be computed in accordance with the applicable terms of the shareholders' agreement, i.e., book value on accrual basis excluding accounts receivable with the exact amount to be determined by a reference. The petition to dissolve the

professional corporation was held in abeyance.[*] Special Term's subsequent modification of its April 13 order to permit discovery and inspection to petitioner, apparently in aid of determining the value of her shares on a *quantum meruit* basis and to expand the "issues which should be explored" at the reference to include "[w]hether the Shareholder's Agreement precludes a *quantum meruit* method of valuation for petitioner's shares" was error. The courts have declared on countless occasions that it is " 'the responsibility of the court to interpret written instruments [citation omitted]. The problem of analysis of the instrument is to determine "what is the intention of the parties as derived from the language employed" [citation omitted]. Thus where a question of intention is determinable by written agreements, the question is one of law, appropriately decided by an appellate court' " (*Marinas of Future v City of New York,* 87 AD2d 270, 277 [citing *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291]). Article 5 (b) of the stockholders' agreement clearly specifies that the purchase price of the withdrawing stockholders' shares shall be book value "as determined from the balance sheet * * * prepared for this purpose on the accrual basis of accounting", and that in determining book value, "no value shall be attached to any accounts receivable", and Special Term properly so held initially. That being so, petitioner may not seek a valuation method at variance with that expressly provided for by the agreement. (See *Nixon Gear & Mach. Co. v Nixon Gear,* 86 AD2d 746.) We hold that the order of April 28 (Hilda B. Schwartz, J.), permitting withdrawal of petitioner's motion to strike respondent's affirmative defenses with prejudice, is an appealable order since it affects petitioner's substantial rights as effectively as if there had been a denial of the motion (CPLR 5701, subd [a], par 2, cl [v]). The effect of that order is to bar petitioner from attacking the legal sufficiency of those affirmative defenses on a *later motion,* but it does not establish the factual validity of those affirmative defenses. Inasmuch as the sufficiency of those defenses is implicated in the dissolution proceeding held in abeyance by Justice Edwards, we need not address that issue beyond affirming Justice Schwartz' order. Concur — Murphy, P. J., Silverman, Bloom and Alexander, JJ.

Kupferman, J., dissents in part in a memorandum as follows: I would affirm for the reasons stated in the opinions at Special Term of David H. Edwards, Jr., J., dated April 15, 1982 and January 7, 1983.

---

* On oral argument, counsel for both sides agreed that the only issue on this appeal is the proper method of evaluating petitioner's interest in the respondent professional corporation under the terms of the shareholders' agreement. No issue of petitioner's right to a dissolution is raised.