◼ MICHAEL PRONTI et al., Appellants, v DML OF ELMIRA, INC., et al., Defendants, and KOBACKERS ENTERPRISES, INC., et al., Respondents. — Appeals (1) from a judgment of the Supreme Court in favor of defendant Henredon Furniture Industries, Inc., entered November 23, 1982 in Chemung County, upon a dismissal of the complaint against said defendant by the court at Trial Term (Fischer, J.), at the close of the evidence, and (2) from a judgment of said court in favor of defendant Kobackers Enterprises, Inc., entered December 21, 1982 in Chemung County, upon a verdict rendered at Trial Term (Fischer, J.). ¶ Plaintiffs purchased dining room furniture manufactured by defendant Henredon Furniture Industries, Inc., from Kobackers, a store operated by

defendants DML of Elmira, Inc., and Kobackers Enterprises, Inc. The furniture was ordered from a Henredon catalogue and was to be custom made. Plaintiffs added to the purchase order the words "delivered in perfect condition or withdraw from aggement [*sic*] to buy without penalty". When plaintiffs complained of defects, the furniture was then taken back to the factory for repairs. Plaintiffs refused redelivery, complaining of the previous and additional defects. They revoked their previous acceptance of a portion of the furniture in writing pursuant to section 2-608 of the Uniform Commercial Code. During the jury trial in which plaintiffs sought recovery of damages for breach of implied warranty of merchantability, breach of an express warranty that the furniture would be in perfect condition, and for punitive damages for emotional and mental distress, the trial court dismissed the cause of action for punitive damages against Henredon and Kobackers Enterprises and dismissed both warranty causes of action against Henredon. The jury found no cause of action against Kobackers Enterprises. Plaintiffs have appealed the judgments in favor of both defendants. ¶ There is no implied warranty of merchantability from a manufacturer to a remote purchaser not in privity with that manufacturer where only property damage, and not personal injury, is alleged (*Miller v General Motors Corp.*, 99 AD2d 454, and cases cited therein; see, also, Uniform Commercial Code, § 2-318). Plaintiffs neither alleged nor proved an express warranty by Henredon either through direct contract or in the Henredon brochure (cf. *Randy Knitwear v American Cyanamid Co.*, 11 NY2d 5, 11-13). Moreover, plaintiffs' refusal to permit Henredon to correct the alleged defects stripped them of any remedy against that defendant for breach of any alleged express warranty (see *Hole v General Motors Corp.*, 83 AD2d 715, 717). Therefore, dismissal of both warranty causes of action against Henredon was proper. ¶ With respect to Kobackers Enterprises, we find that the trial court correctly charged the burden of proving that defendant breached either the implied warranty of merchantability or the express warranty of condition was on plaintiffs. As to the former, the evidence was sufficient to support the verdict since the goods were required only to be "fit for the ordinary purposes for which such goods are used" (Uniform Commercial Code, § 2-314, subd [2], par [c]; see *Finkelstein v Chevron Chem. Co.*, 60 AD2d 640, 641, mot for lv to app den 44 NY2d 641). The goods did not have to be perfect (see *Nassau Suffolk White Trucks v Twin County Tr. Mix Corp.*, 62 AD2d 982, 984). Whether there was a breach is a factual question for jury determination (see *Berton Plastics v Chemung Fiberglass Prods.*, 96 AD2d 665, 666). We hold that this record contains sufficient evidence to support the verdict, i.e, that the goods were fit for use as dining room furniture (to place food for meals, sit on chairs, store items) and that any defects could be remedied by the seller (see *Ploof v B. I. M. Truck Serv.*, 53 AD2d 750, mot for lv to app den 40 NY2d 803). That part of the verdict not being unreasonable, it should not be disturbed (see *Watson v Watson*, 51 AD2d 666). ¶ Kobackers Enterprises did not dispute that the words added to the contract constitute an express warranty on its part, but only that there was no breach because plaintiffs prevented completion of delivery including the "preparation and deluxing" of the furniture to cure minor defects. Since the express warranty was that the goods would be "delivered in perfect condition", the trial court correctly instructed the jurors that they had to decide whether "delivered" meant the time of uncrating, or when "deluxed". Reasonable men could differ as to the meaning of the language, therefore making the warranty clause ambiguous (see *Sutton v East Riv. Sav. Bank*, 55 NY2d 550; cf. *Doyne v Kerner*, 96 AD2d 523, 524, app dsmd 60 NY2d 859). This presented a factual question for the jury (see *Quinn v Buffa*, 97 AD2d 752, 753). The jury could have found that although "preparation and deluxing" was usually performed at the Kobackers warehouse, in this case the goods were

brought to plaintiffs' home in the Henredon crates to demonstrate that factory repairs had been made. Kobackers Enterprises' contention is that "delivery" had not been completed and plaintiffs prevented repairs. It was for the jury to decide whether plaintiffs failed to prove that Kobackers Enterprises breached the warranty, and it was for them to decide the meaning of the world "perfect" as it was used in the sales order form. There being ample evidence in the record to support the verdict, it should not be disturbed. ¶ Judgments affirmed, without costs. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.