■ H.B.L.R., Inc., Doing Business as H.B. LaRue, Media Brokers, Respondent-Appellant, v Command Broadcast Associates, Inc., et al., Appellants-Respondents.—Order of the Supreme Court, New York County (Martin B. Stecher, J.), entered on or about February 15, 1989, which denied plaintiff's cross motion for summary judgment and granted defendants' motion for summary judgment to the extent of dismissing plaintiff's third cause of action, unanimously modified, on the law, without costs, to the extent of dismissing plaintiff's second cause of action seeking damages in quantum meruit and, except as so modified, affirmed.

In this action to recover a broker's commission, the agreement between plaintiff broker and the parties to the underlying sales agreement was confirmed in a letter dated July 16, 1986 sent by plaintiff to the parties and countersigned by them. The letter states, in material part, "This will confirm our agreement regarding the sale of WADO, New York in which the seller, Command Broadcast Associates, Inc. will pay one half of the brokerage fee due to HBLR, Inc., dba H.B. La Rue, Media Brokers. The seller's share will be 1% of the gross

purchase price of $20-million and the seller will pay HBLR, Inc. $200,000 in cash or its equivalency at the close of the sale to Tichenor Media System, Inc."

The proposed sale could not be closed due to Command Broadcast Associates' (Command) inability to convey title to certain land upon which a part of its transmission facilities was located. Defendants deny that they were aware of any defect in Command's title to this land which was only revealed by a survey, allegedly unavailable until the closing date. The IAS court correctly held that a factual dispute exists as to whether the letter agreement, drafted by the broker, conditions the payment of a commission upon closing of title. Supreme Court granted summary judgment to defendants only to the extent of dismissing plaintiff's third cause of action alleging third-party beneficiary status on the ground that the contract of sale expressly precludes such a claim.

Plaintiff's second cause of action seeking damages in quantum meruit should have been dismissed. Where, as here, an action is based upon a written expression of the agreement among the parties, recovery must be based upon the writing *(Knobel v Manuche,* 146 AD2d 528, 530; *Larme Estates v Omnichrome Corp.,* 250 App Div 538, 540, *affd* 275 NY 426) in the absence of compelling equitable grounds, not demonstrated in this instance, which warrant substitution of an alternate measure of damages *(La Rose v Backer,* 11 AD2d 314, 320, *affd* 11 NY2d 760). As this court stated in *Waldman v Englishtown Sportswear* (92 AD2d 833, 836), "[w]here the express contract has been rescinded, is unenforceable or abrogated, a recovery may be had on an implied promise to pay for benefits conferred thereunder." It is clear, however, that quantum meruit will only be invoked where required to avoid unjust enrichment *(Miller v Schloss,* 218 NY 400, 407; *Bradkin v Leverton,* 26 NY2d 192, 196-197). In addition, we note that while a party may plead alternate theories of recovery *(cf.,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3002.04), summary judgment, being the procedural equivalent of a trial *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338), requires a choice as to the basis upon which recovery is sought *(see, Baratta v Kozlowski,* 94 AD2d 454, 464). Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Rubin, JJ.