■ SLC Consultants/Constructors, Inc., Respondent, v County of Chautauqua, Appellant. [600 NYS2d 865] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that portion of defendant's motion for summary judgment seeking dismissal of the fifth and sixth causes of action. The fifth cause of action alleges that plaintiff was required to stop work for three days due to defendant's failure to provide soil tests to plaintiff to enable it to complete in a timely manner its work under the contract. Thus, plaintiff alleges that it suffered damages in lost time for its workers and equipment. In support of its motion, defendant established, as a matter of law, that it had no duty under the parties' contract to provide the soil tests as plaintiff alleged and that plaintiff was not entitled to damages caused by such alleged delay. Additionally, defendant submitted the deposition testimony of plaintiff's project superintendent that, pursuant to established work procedures, he either directly contacted the company responsible for performing the soil tests or told the Engineer to schedule those tests. In opposition to defendant's motion, plaintiff failed to come forward with evidentiary proof in admissible form to demonstrate the existence of a triable issue of fact.

The sixth cause of action seeks to recover damages caused by defendant's reduction of the size of the project by 3.4 acres. That cause of action should have been dismissed because, by clear and unambiguous language in the contract and bid documents, defendant reserved the right to increase or reduce the work to be performed under the contract. Furthermore, those documents provide that any such increase or diminution in the work to be performed under the contract would not "give cause for claims or liability for damages".

We further conclude that Supreme Court erred in granting plaintiff's cross motion to amend the complaint to assert a cause of action based upon quantum meruit. While, as a general rule, the legal sufficiency or merit of a proposed amendment is not examined on a motion to amend, where, as

here, the proposed amendment is totally lacking in merit, the courts will deny the motion to obviate the possibility of needless and time-consuming litigation *(see, Staines v Nassau Queens Med. Group,* 176 AD2d 718, 719). Plaintiff may not recover under a quantum meruit theory because a valid written contract exists and the scope of its provisions covers the dispute between the parties *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389; *Naylor v Ceag Elec. Corp.,* 158 AD2d 760, 761-762; *H.B.L.R., Inc. v Command Broadcast Assocs.,* 156 AD2d 151, 152).

Therefore, we modify the order of Supreme Court by granting that portion of defendant's motion for summary judgment seeking dismissal of the fifth and sixth causes of action of the complaint and by denying plaintiff's cross motion to amend the complaint to allege a cause of action based upon quantum meruit. In all other respects, the order is affirmed. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J. —Summary Judgment.) Present—Denman, P. J., Callahan, Boomer, Davis and Boehm, JJ.