■ SMART EGG PICTURES, S. A., Respondent, v NEW LINE CINEMA CORPORATION et al., Appellants. [624 NYS2d 150] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about March 15, 1994, which denied defendants' motion for partial summary judgment on the first, second, third, fourth, sixth, seventh, eighth, tenth and eleventh causes of action, unanimously modified, on the law, to the extent of dismissing the sixth and seventh causes of action, and, *sua sponte,* granting plaintiff partial summary judgment as to the existence of a fiduciary relationship under the first cause of action, and otherwise affirmed. Appeal from the order, same court and Justice, entered July 8, 1994, which denied defendants' motion for reargument, unanimously dismissed as taken from a nonappealable order, all without costs.

The venture agreements in issue and other documentary evidence clearly show that plaintiff, a foreign corporation located in a foreign country, was to participate as a full partner in the joint venture that produced a movie and its first sequel, albeit one who had delegated its managerial responsibilities, and, as such, plaintiff was owed fiduciary responsibilities by its coventurers as a matter of law *(Birnbaum v Birnbaum,* 73 NY2d 461). However, issues continue to exist whether the venture agreements were intended to bind the parties as to all sequels, whether a 1987 agreement purporting to establish plaintiff's rights in connection with the production and distribution of subsequent sequels properly modified, or improperly abrogated, the joint venture agree-

ments in this regard, and whether, if the 1987 agreement were voidable, plaintiff nevertheless ratified it, which issues warranted denial of summary judgment of the breach of fiduciary duty claims and breach of partnership agreement claims under the first, second and third causes of action. However, defendants should have been granted summary judgment on the sixth and seventh causes of action sounding in fraud in the inducement, plaintiff's claims that defendants entered the agreement denoted therein with the undisclosed intention of not performing them being entirely conclusory and rebutted by defendants' averments that they had no such intent. A contract claim cannot be converted into a fraud claim merely by the expedient of alleging that a contracting party never intended to perform its promise *(Cranston Print Works Co. v Brockmann Intl.,* 521 F Supp 609, 614).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Williams, JJ.