■ JAMES WILMOTH, Appellant-Respondent, v RICHARD L. SANDOR et al., Respondents-Appellants, et al., Defendants. [686 NYS2d 388] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered August 26, 1997, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint for failure to state a cause of action on the alternative ground of summary judgment, to the extent of dismissing the 1st through 4th, 13th, 15th, 16th, and 18th through 21st causes of action in the amended complaint and the demand for punitive damages, and which denied dis-

missal of the 14th and 17th causes of action, unanimously modified, on the law, to the extent of denying the motion with respect to the 13th cause of action and reinstating said claim to the extent that it seeks damages prior to plaintiff's termination from employment and, except as so modified, affirmed, without costs.

In this action arising out of defendants' asserted breach of an oral, at-will employment agreement, plaintiff Wilmoth asserts 21 causes of action against his former employers predicated on contract, fraud, RICO and equitable grounds. Plaintiff's chief complaint is that defendants reneged on an alleged verbal agreement to pay him "incentive compensation equal to 35% of originating profits of the deals brought in by Wilmoth." Defendants moved to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]).

The motion court converted defendant's application to a summary judgment motion, without notice to the parties (CPLR 3211 [c]), on the rationale that, by submitting material extraneous to the pleadings, they charted a summary judgment course (*see, e.g., Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 255). However, most of the material submitted by plaintiff comprises exhibits attached to a motion seeking preliminary injunctive relief, which Supreme Court denied and from which denial appeal has been abandoned. Apart from the amended verified complaint, the only probative allegations contained in the record are defendant Sandor's affidavit, detailing alleged misconduct leading up to plaintiff's termination, and plaintiff's reply affidavit, disputing defendants' calculation of his incentive compensation. To prevail on a summary judgment motion, it is incumbent upon plaintiff to prove the terms of the alleged verbal agreement (*Charles Hyman, Inc. v Olsen Indus.*, 227 AD2d 270, 276; *Paz v Singer Co.*, 151 AD2d 234, 235; Fisch, NY Evidence § 1098 [2d ed]). Given the largely factual nature of the dispute, consideration of contractual obligation should await joinder of issue, and the court should not accord summary judgment treatment absent notice to the parties (*Four Season Hotels v Vinnik*, 127 AD2d 310, 318; *see also, Mihlovan v Grozavu*, 72 NY2d 506, 508). In any event, the record before us is inadequate to permit any conclusions to be drawn concerning the terms of the alleged oral agreement.

Summary judgment treatment introduces a further complication into this case. Of the plethora of charges levied against plaintiff's former employers, the arguably meritorious claims are those directly or indirectly predicated on the parol agreement. Plaintiff advances theories of recovery predicated on

contract and unjust enrichment (quantum meruit). The general rule, as stated by this Court in *Hohenberg Co. v Iwai N. Y.* (6 AD2d 575, 578), is that "where there is an express contract no recovery can be had on a theory of implied contract." "Without in some manner removing the express contract from the picture in the normal fashion (rescission, abandonment, etc.) it is not possible to ignore it and proceed in *quantum meruit*" (*La Rose v Backer*, 11 AD2d 314, 320, *amended* 11 AD2d 969, *affd* 11 NY2d 760).

Where, as here, a bona fide dispute as to the existence or application of a contract is demonstrated, a plaintiff generally "will not be required to elect his or her remedies" (*Joseph Sternberg, Inc. v Walber 36th St. Assocs.*, 187 AD2d 225, 228). Only at trial is the plaintiff required to make an election "at a time within the discretion of the Trial Judge" (*Baratta v Kozlowski*, 94 AD2d 454, 464; *see also, Unisys Corp. v Hercules Inc.*, 224 AD2d 365, 367, *appeal withdrawn* 89 NY2d 1031). However, the same rule applies to a motion for summary judgment (*H.B.L.R., Inc. v Command Broadcast Assocs.*, 156 AD2d 151, 152 [express, written contract]). By bringing a summary judgment motion, the plaintiff implicitly denies the existence of any factual issue, including whether an express contract governs the dispute or not. The grant of summary judgment being the procedural equivalent of a trial (*Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341), the movant is required to elect the basis upon which judgment is sought.

Significantly, this matter is before the Court upon review of defendants' motion for an order dismissing the complaint or, in the alternative, granting defendants summary judgment. Plaintiff has not sought summary judgment, and the existence or nonexistence of any oral promise to pay him incentive compensation at the asserted rate has not been established. Therefore, circumstances obliging plaintiff to elect between a contractual and an equitable basis of recovery are absent, and the breach of contract claim should be permitted to go forward together with the claims based upon quantum meruit.

While plaintiff has no claim arising out of the termination of a contract for employment at will, regardless of whether or not termination was wrongful (*see, Sabetay v Sterling Drug*, 69 NY2d 329), he may maintain an action for compensation earned during the period of his employment (*see, Carvatt v Lippner*, 82 AD2d 818 [wrongfully discharged employee may treat contract as ongoing and sue for breach or rescind contract and sue for the value of his services]; *see also, Cron v Hargro Fabrics*, 91 NY2d 362, 370 [need to calculate earned compensa-

tion after close of year does not subject contract susceptible to performance within one year to Statute of Frauds]). Plaintiff has adequately pleaded and demonstrated the existence of questions of fact with respect to his causes of action seeking recovery in quantum meruit (*see, Clark v Torian*, 214 AD2d 938), which present issues of equity requiring factual exploration.

No cause of action for fraud arises from allegations of a lack of intent to perform under a proposed contract (*Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 118-119; *see also, Smart Egg Pictures v New Line Cinema Corp.*, 213 AD2d 302, 303), nor from expressions of hope for the future performance of entities subject to defendants' control (*see, East 32nd St. Assocs. v Jones Lang Wootton USA*, 191 AD2d 68, 71; *Wegman v Dairylea Coop.*, 50 AD2d 108, 113, *lv dismissed* 38 NY2d 918). As for the derivative actions, plaintiff concedes that he is bound by Delaware law providing that, before suit can be brought, the futility of making a demand on the corporate board must be pleaded with particularity. This requirement reflects " 'powerful presumptions' " favoring application of the business judgment rule (*Wilson v Tully*, 243 AD2d 229, 232), presumptions that plaintiff's pleadings fail to address.

We have considered the parties' remaining arguments for affirmative relief and find them to be unavailing.

Reargument granted, and upon reargument, the unpublished decision and order of this Court entered on December 3, 1998 (Appeal No. 2953) is recalled and vacated and a new decision and order substituted therefor. Concur—Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.