■ VED PARKASH, Appellant, v UTILISAVE CORPORATION et al., Respondents. [743 NYS2d 889] —In an action, inter alia, for a judgment declaring that the plaintiff is not contractually obligated to pay certain fees to the defendants pursuant to an auditing agreement dated July 8, 1994, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated May 21, 2001, which, among other things, denied his motion for summary judgment on his first cause of action for declaratory relief.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that issues of fact preclude the award of summary judgment to the plaintiff on his first cause of action (see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878; Reiner v Wenig, 269 AD2d 379). The auditing agreement dated July 8, 1994, is ambiguous as to whether the parties intended the defendants to be compensated for the services rendered to the plaintiff.

Furthermore, the Supreme Court correctly sustained the defendants' counterclaim to recover damages based on unjust enrichment. The plaintiff may not deny the existence of a contract to support his motion for summary judgment, and then invoke that very contract as a means to avoid quasi-contractual liability (see Wilmoth v Sandor, 259 AD2d 252, 254; Curtis Props. Corp. v Greif Cos., 236 AD2d 237, 239). As there is a bona fide dispute as to the existence and scope of a contract, the defendant may proceed on theories of breach of contract and quantum meruit (see Breslin Realty Dev. Corp. v 112 Leaseholds, 270 AD2d 299).

The plaintiff's remaining contentions are without merit. Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.