■ SHILKOFF, INC., Appellant, v 885 THIRD AVENUE CORPORATION et al., Respondents. [750 NYS2d 53] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 22, 2000, which, to the extent appealed from, granted the motion of defendant 885 Third Avenue Corporation to dismiss the verified amended complaint as against it in its entirety pursuant to CPLR 3211 (a) (1) and (7), and granted the remaining defendants' motion to the extent of dismissing the fourteenth, sixteenth, seventeenth, eighteenth and nineteenth causes of action, unanimously modified, on the law, to deny the remaining defendants' motion with respect to the eighteenth and nineteenth causes of action and to reinstate those causes, and otherwise affirmed, without costs.

In this derivative action by a limited partner in a limited partnership that was a coventurer/partner in a real estate construction and development partnership, 885 Third Avenue Corporation (885), the corporate partner in the venture, bought out the limited partnership's interests pursuant to a buy/sell provision. In dismissing plaintiff's breach of contract claim against 885, the motion court properly interpreted the partnership agreement, notwithstanding plaintiff's contrary interpretation (*see B & R Children's Overalls Co. v New York Job Dev. Auth.*, 257 AD2d 368, 369, *lv denied* 93 NY2d 810), and found that it unambiguously gave 885 the right to set the value of the partnership interests to be purchased and that that value did not depend on the price that a third party would have paid. The breach of fiduciary duty and breach of the implied covenant of good faith causes of action were also properly dismissed as redundant of the insufficient contract cause of action, since they were predicated on the same allegations (*see Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 290 AD2d 399, 400; *Engelhard Corp. v Research Corp.*, 268 AD2d 358). While a claim for unjust enrichment may stand alongside a breach of contract cause of action at the pleading stage (*see Wilmoth v Sandor*, 259 AD2d 252, 254), plaintiff's cause of action was properly dismissed because it was not unjust for 885 to retain funds

obtained pursuant to its clear contractual right. Similarly, since the proper exercise of the buy/sell provision undisputedly resulted in there being no profits to be distributed to the limited partnership coventurer, there was nothing to account for, so the accounting cause of action was properly dismissed.

The motion court properly dismissed the causes of action based on the allegation that the general partner defendants should have sent a notice triggering a proportional distribution of the joint venture/partnership's assets. Contrary to plaintiff's strained reading of the governing provision, the motion court correctly concluded that the period during which such notice would be effective in the manner sought by plaintiff had not arrived.

We find, however, that in dismissing plaintiff's eighteenth and nineteenth causes of action for lack of standing, the motion court misunderstood plaintiff's claims under the limited partnership agreement, to which it was a party, as being brought under the joint venture/partnership agreement, to which it was not a party. Defendants' contention that the breach of contract cause of action is insufficiently pleaded would hold plaintiff to particularity in a contract pleading that is not required; their contention that the unjust enrichment claim cannot stand in light of a contract cause of action is, among other reasons, premature (*see Wilmoth v Sandor, supra*). Accordingly, we modify to reinstate these causes of action.

We have considered plaintiff's other contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Marlow, JJ.