■ EBC I, INC., Formerly Known as eToys INC., Appellant-Respondent, v GOLDMAN SACHS & Co., Respondent-Appellant.
[777 NYS2d 440]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 2, 2003, which, in an action by an Internet startup company against the lead managing underwriter of its initial public offering, granted defendant's motion to dismiss the complaint for failure to state a cause of action to the extent of dismissing the causes of action for breach of contract (second), fraud with leave to replead (third), malpractice (fourth) and unjust enrichment (fifth), and denied the motion with respect to the cause of action for breach of fiduciary duty (first), unanimously modified, on the law, to deny the motion with respect to the second, fourth and fifth causes of action, and otherwise affirmed, without costs. Order (denominated judgment), same court and Justice, entered May 13, 2003, dismissing the second, third, fourth and fifth causes of action and severing and continuing the first cause of action, unanimously reversed, on the law, without costs, and vacated in view of the foregoing.

The complaint alleges that defendant underpriced plaintiff's shares in order to reap an additional profit, beyond the amount realized on the spread between the price of its own subscription and the higher public offering price, when it "flipped" its shares in the balloon-priced aftermarket, and that such underpricing was also the consideration given for "kickbacks" from defendant's favored customers, to whom defendant had allocated shares in the IPO that were also flipped in the aftermarket, disguised as commissions on unrelated transactions.

The cause of action for breach of fiduciary duty was correctly sustained upon allegations showing a preexisting relationship between plaintiff and defendant that justified the alleged trust the former placed in the latter in setting the price of its shares (*see Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v Salomon Bros. Intl.*, 251 AD2d 137, 138 [1998], *lv denied* 95 NY2d 762 [2000]; *see also e.g. Bestolife Corp. v American Amicable Life*, 5 AD3d 211 [2004]; *Frigitemp Corp. v Financial Dynamics Fund*, 524 F2d 275, 279 [1975]; *ICN Pharms., Inc. v Khan*, 2 F3d 484, 491 [1993]; *cf. S.E.C. v Rauscher Pierce Refsnes, Inc.*, 17 F Supp 2d 985, 994-995 [1998]). We reject defendant's contentions that *Apple Records v Capitol Records* (137 AD2d 50, 57 [1988]) articulated a bright-line test regarding the requisite length of the preexisting relationship, and that the alleged fiduciary relationship is necessarily negated by the limited statement of defendant's agency status vis-à-vis other underwriters contained in the prospectus (*cf. Frydman & Co. v Credit Suisse First Boston Corp.*, 272 AD2d

236, 237 [2000]). The cause of action is sufficiently pleaded for purposes of CPLR 3016 (b).

The fraud cause of action alleges an affirmative misrepresentation that the share price was based on market conditions. At the least, plaintiff should have identified the person(s) who made this misrepresentation, and, to that end, the motion court correctly dismissed the fraud claim with leave to replead (CPLR 3016 [b]). However, further facts concerning the participants and mechanisms of the alleged kickback scheme need not be pleaded (see Oxford Health Plans v BetterCare Health Care Pain Mgt. & Rehab, 305 AD2d 223, 224 [2003]).

The remaining causes of action should not have been dismissed. While the motion court correctly determined that no express contractual provision prohibited defendant from receiving compensation from other than plaintiff, it failed to properly consider the broader thrust of plaintiff's allegations that defendant breached its implied obligation of good faith and fair dealing by frustrating the overarching purpose of the offering to obtain for plaintiff the true value of its shares. Whether the inflated "bubble" price of the shares in the immediate aftermarket was an anomaly or reflected a value consonant with those of similar Internet offerings during the period that plaintiff could reasonably anticipate, and whether defendant harbored the motive attributed to it, present issues of fact not determinable at this juncture (see Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 302-303 [2003]). Concerning the malpractice cause of action, we find that investment bankers are professionals (cf. Chase Scientific Research v NIA Group, 96 NY2d 20, 29 [2001]), and that plaintiff's attorney did not concede on oral argument before the motion court that the malpractice claim and fiduciary breach claims are duplicative; in any event, alternative theories may be advanced in pleadings (see Wilmoth v Sandor, 259 AD2d 252, 254 [1999]).

Concerning the unjust enrichment cause of action, the motion court incorrectly reasoned that since the alleged kickbacks were paid by defendant's other customers, and not by plaintiff, the allegedly improper benefit was not recoverable. The reach of equity is not so short (see Long Is. Sav. Bank v Geloda/ Briarwood Corp., 190 AD2d 64, 66-67 [1993]). It suffices that defendant received benefits to which it was not entitled that were effectively conferred by plaintiff in the form of a lower price for its shares. Nor does the existence of a valid contract require dismissal of the unjust enrichment claim, since the latter is based on alleged wrongdoing not covered by the contract; moreover, as previously indicated, the express contract cause of

action was properly dismissed. Finally, whether the alleged underpricing of the shares was the proximate cause of the damages claimed is an issue of fact inappropriate for determination at this juncture (*cf. Laub v Faessel*, 297 AD2d 28, 31 [2002]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Saxe, Ellerin, Lerner and Gonzalez, JJ.