■ KRISTIN LARKIN LoGERFO, Appellant, v TRUSTEES OF COLUMBIA UNIVERSITY IN CITY OF NEW YORK et al., Respondents. [827 NYS2d 166]—

In an action, inter alia, to recover damages for breach of contract and for an accounting, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated May 6, 2005, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 and 3212.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants'

motion which were to dismiss the first and third causes of action and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff.

The plaintiff alleges that the defendant Trustees of Columbia University in the City of New York (hereinafter Columbia) dealt unfairly with her decedent, Dr. Paul LoGerfo, who was a tenured professor and the head of a surgical group practice at Columbia prior to his death in September 2003. The plaintiff alleges that Dr. LoGerfo brought his thyroid practice to Columbia in 1992 based on an exchange of letters setting forth their agreement concerning how revenues derived from his practice would be shared (hereinafter the 1992 Letter Agreement), and that Columbia breached that agreement starting in 1998. She further alleges that in December 1998, Dr. LoGerfo received an offer from another hospital, but agreed to stay at Columbia based on an oral agreement entered into with defendant Dr. Eric Rose, Chairman of the Department of Surgery at Columbia, concerning the method of determining his compensation going forward. In reliance on that agreement, Dr. LoGerfo turned down the other opportunity and continued to assign all revenues from his practice to Columbia. The plaintiff alleges that Dr. Rose and Columbia thereafter reneged on the oral agreement and, instead, unilaterally set Dr. LoGerfo's compensation at an unfairly low level for the fiscal years ending June 30, 1999, 2000, 2001, and 2002. In May 2003 the Department of Surgery developed and presented to faculty members a compensation plan alleged to be similar to that set forth in the 1992 Letter Agreement and customarily included in faculty practice plans. Dr. LoGerfo died in September of 2003.

The plaintiff, as the executor of Dr. LoGerfo's estate, seeks, inter alia, an accounting for the four-year period in dispute, and damages for breach of the 1992 Letter Agreement and/or the oral agreement entered into in 1999, and for violation of General Business Law § 349. The Supreme Court dismissed the complaint in its entirety, finding that Dr. LoGerfo was an employee at will.

The cause of action for breach of the 1992 Letter Agreement was properly dismissed because the agreement lacked a definite term of duration and therefore, whether it gave rise to an at-will employment relationship or to a relationship in the nature of a joint venture or partnership, it was terminable at will by either party (*see Rutecki v Gow & Co.,* 289 AD2d 1066 [2001]; *Gebhardt v Time Warner Entertainment-Advance/Newhouse,* 284 AD2d 978 [2001]; *Bottini v Lewis & Judge Co.,* 211 AD2d

1006 [1995]; *Hooker Chems. & Plastics Corp. v International Mins. & Chem. Corp.*, 90 AD2d 991 [1982]).

However, the Supreme Court erred in granting summary judgment dismissing the third cause of action to the extent it alleges that Columbia breached an oral agreement entered into in early 1999 concerning the terms governing determination of Dr. LoGerfo's compensation (*see Wilmoth v Sandor*, 259 AD2d 252, 255 [1999]; *Guggenheimer v Bernstein Litowitz Berger & Grossmann LLP*, 11 Misc 3d 926 [2006]). Columbia met its initial burden in support of the motion by submitting affirmations denying the existence of any oral agreement or promise on the terms alleged in the pleadings (*see Zuckerman v City of New York*, 49 NY2d 557, 560-562 [1980]). In opposition the plaintiff submitted documents sufficient to raise an issue of fact as to whether an enforceable oral agreement concerning compensation was entered into between Columbia and Dr. LoGerfo in or about April 1999, albeit not as set forth in the pleadings. Where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable, summary judgment should be denied (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 314 [2004]). Moreover, bearing in mind that Dr. LoGerfo's death hampers the plaintiff's ability to respond to the defendants' factual assertions and to specifically allege the terms of the oral agreements referred to in e-mails exchanged between Dr. LoGerfo and Dr. Rose, the plaintiff should have been given an opportunity to seek discovery (*see Neryaev v Solon*, 6 AD3d 510 [2004]).

Nor did the defendants establish as a matter of law that the plaintiff will be unable to prevail on her claim for an accounting. The "right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (*Palazzo v Palazzo* 121 AD2d 261, 265 [1986]). While "[a]n employer-employee relationship providing for the division of profits will not give rise to a fiduciary obligation on the part of the employer absent an agreement to also share losses" (*Vitale v Steinberg*, 307 AD2d 107, 108 [2003]; *see Michnick v Parkell Prods.*, 215 AD2d 462 [1995]; *Reichert v MacFarland Bldrs.*, 85 AD2d 767 [1981]), the allegations that Dr. LoGerfo agreed to assign all practice revenues to Columbia in reliance on an agreement, express or implied, concerning the sharing of those revenues may support a finding that Columbia owed Dr. LoGerfo a fiduciary obligation with respect to the assigned revenues (*see Cobblah v Katende*, 275 AD2d 637 [2000]; *El-Khoury v Karasik*, 265

AD2d 372 [1999]; *see generally Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; Public Health Law § 238 [5] [group practice]). Since the defendants dispute the existence of an enforceable oral agreement, the plaintiff may proceed on both legal and equitable causes of action (*see Parkash v Utilisave Corp.*, 295 AD2d 330 [2002]). Construing the pleadings generously "to allege whatever can be fairly implied on any aspect of the facts," the complaint adequately states a cause of action for an accounting (*see Nastasi v Nastasi*, 26 AD3d 32, 37 [2005]; *McGuire v Sterling Doubleday Enters., L.P.*, 19 AD3d 660 [2005]).

Finally, the plaintiff's cause of action under General Business Law § 349, the only claim asserted against Dr. Rose, was properly dismissed since only a private contractual relationship concerning compensation, and not a consumer-oriented transaction, was involved (*see Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]). Schmidt, J.P., Santucci, Lifson and Lunn, JJ., concur.