■ BALANCE RETURN FUND LIMITED et al., Respondents, v ROYAL BANK OF CANADA et al., Appellants. [921 NYS2d 38]—

Order, Supreme Court, New York County (James A. Yates, J.), entered on or about September 27, 2010, which, to the extent appealed from, as limited by the briefs, denied defendants' motion to dismiss the amended complaint on forum non conveniens grounds, and denied the dismissal of plaintiffs' causes of action for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, aiding and abetting fraud, and unjust enrichment, unanimously affirmed, with costs.

The motion court did not abuse its discretion when it denied defendant's motion to dismiss the complaint on the ground of forum non conveniens (*see* CPLR 327; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-480 [1984], *cert denied* 469 US 1108 [1985]).

Plaintiffs' allegations that defendants exercised control over the subject "fund of funds" scheme of alternative investments, including the ability to control assets in the fund, sufficiently pleaded a cause of action for breach of fiduciary duty based on defendants' alleged discretionary trading authority (*see Guerrand-Hermès v Morgan & Co.*, 2 AD3d 235, 237 [2003], *lv denied* 2 NY3d 707 [2004]). The documentary evidence does not "utterly refute[ ]" plaintiffs' allegations (*DKR Soundshore Oasis Holding Fund Ltd. v Merrill Lynch Intl.*, 80 AD3d 448, 450 [2011], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]), as the record evidence established defendants'

ability to releverage and deleverage fund assets and exercise control over portfolio managers. Plaintiffs' allegations that, among other things, defendants helped develop the structure of the subject fund in connection with a nonparty investment entity, conducted due diligence, and approved certain transactions designed to mask the fund's financial problems, were sufficient to plead the requisite knowledge and substantial assistance necessary to state a cause of action for aiding and abetting breach of fiduciary duty (see *Kaufman v Cohen*, 307 AD2d 113, 125 [2003]).

These very allegations—that defendants misrepresented material qualities of the fund, while knowing that the true value of the assets were overstated and highly leveraged—were also sufficient to establish a cause of action based on fraudulent concealment (see *Swersky v Dreyer & Traub*, 219 AD2d 321, 326 [1996], *appeal withdrawn* 89 NY2d 983 [1997]). Moreover, "a plaintiff alleging an aiding-and-abetting fraud claim may plead actual knowledge generally, particularly at the prediscovery stage, so long as such intent may be inferred from the surrounding circumstances" (see *DDJ Mgt., LLC v Rhone Group L.L.C.*, 78 AD3d 442, 443 [2010] [citation omitted]); thus, plaintiffs' allegations that defendants had the authority to track fund performance, which allowed them to know that the net asset value of the fund was overstated, sufficiently plead "actual knowledge of the fraud as discerned from the surrounding circumstances" (*Oster v Kirschner*, 77 AD3d 51, 56 [2010]).

Plaintiffs sufficiently pled a claim for unjust enrichment based on their allegations that defendants received more than $60 million through the fund at plaintiffs' expense (see *Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 117 [1990], *lv denied* 77 NY2d 803 [1991]). Defendants' argument that they ultimately distributed the proceeds pursuant to a series of court orders presents a disputed question of fact going to the measurement of damages. Although defendants argue for the first time on appeal that the payment of any fees was covered by valid contracts, even considering this argument, such payment was based on alleged wrongdoing not covered by the contract (see *EBC I, Inc. v Goldman Sachs & Co.*, 7 AD3d 418, 420 [2004], *affd as modified* 5 NY3d 11 [2005]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Manzanet-Daniels, JJ.