Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 22, 2012, which, insofar as appealed from, denied defendant 49 East Houston LLC’s (LLC’s) motion for summary judgment dismissing the cross claim of defendant Charles McGrath Construction Inc. (McGrath) alleging a cause of action for quantum meruit, and granted McGrath’s motion for summary judgment dismissing LLC’s cause of action alleging wilful exaggeration of a mechanic’s lien, unanimously reversed, on the law, without costs, LLC’s motion granted, and McGrath’s motion denied.
LLC is the owner of property upon which it planned to erect a new residential condominium. LLC contracted with McGrath for it to act as general contractor on the project. Due to market changes, the project was abandoned soon after foundation work commenced. Shortly thereafter, McGrath filed a mechanic’s lien against the property.
A claim under Lien Law § 39-a is subject to summary disposition where the evidence concerning whether or not the lienor wilfully exaggerated the lien is conclusive (see Northe Group, Inc. v Spread NYC, LLC, 88 AD3d 557 [1st Dept 2011]). Such a burden necessarily involves proof as to the credibility of the lienor (see Rosenbaum v Atlas & Design Contrs., Inc., 66 AD3d 576 [1st Dept 2009]). Accordingly, the issue of wilful or fraudulent exaggeration is one that is ordinarily determined at the trial of the foreclosure action, and not on summary disposition (see e.g. Aaron v Great Bay Contr., 290 AD2d 326 [1st Dept 2002]).
LLC’s failure to prove conclusively that McGrath willfully exaggerated its lien did not require dismissal of its cross claim pursuant to Lien Law § 39-a, since McGrath likewise failed to *501 establish that it did not wilfully exaggerate the lien. The record is devoid of affidavits from either of McGrath’s two principals, absent which, the motion court could not summarily conclude they bore no ill will when they calculated the lien and that any errors were the result of ignorance or honest mistake. Moreover, as the motion court observed, McGrath was unable to support many of the charges appearing on the mechanic lien’s breakdown list. Given the foregoing, a determination as to whether McGrath’s exaggeration of the lien was due to its principals’ wilfulness, versus their ignorance, should be left to a trier of fact.
Because McGrath chose to move for summary judgment on both its contract and quasi contract claims, the motion court erred in failing to grant LLC’s motion seeking dismissal of the quantum meruit claim. While a party is permitted to plead inconsistent theories of recovery (CPLR 3014), it must elect among inconsistent positions upon seeking expedited disposition (see Unisys Corp. v Hercules Inc., 224 AD2d 365, 367 [1st Dept 1996]). Although this rule does not require a litigant to elect remedies when defending a motion for summary judgment, the rule does require the litigant to make that election when it seeks summary judgment (Wilmoth v Sandor, 259 AD2d 252, 254 [1st Dept 1999]).
Accordingly, McGrath did not need to elect between breach of contract and quantum meruit claims in the face of LLC’s motion. McGrath was, however, obligated to either elect between remedies when it filed its own summary judgment motion, or explain why election was not necessary at that juncture (id.). McGrath did neither. Concur — Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.
The Decision and Order of this Court entered herein on November 13, 2012 (100 AD3d 473 [2012]) is hereby recalled and vacated (see 2013 NY Slip Op 67304[U] [2013] [decided simultaneously herewith]). [Prior Case History: 34 Misc 3d 1229(A), 2012 NY Slip Op 50286(U).]