11-4903-cv (L)
Am. Underground Engineering, Inc. v. City of Syracuse

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand thirteen.

PRESENT:  DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    Circuit Judges,
          LAURA TAYLOR SWAIN,
                    District Judge.[*]

- - - - - - - - - - - - - - - - - - - - -x

AMERICAN UNDERGROUND ENGINEERING, INC.,
                    Plaintiff-Appellee,

          -v.-                              11-4903-cv (L)
                                            12-3297-cv (CON)
CITY OF SYRACUSE,
                    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -x

---

[*]    The Honorable Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLEE:        KEVIN M. COX (Joseph A. Camardo, Jr., on the brief), Camardo Law Firm, PC, Auburn, New York.

FOR DEFENDANT-APPELLANT:       JOHN G. POWERS (James P. Youngs, on the brief), Hancock Estabrook, LLP, Syracuse, New York, for Mary Anne Doherty, City of Syracuse Corporation Counsel, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Scullin, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

On July 1, 2010, a jury found that defendant-appellant City of Syracuse (the "City") had substantially breached a construction contract entered into with plaintiff-appellee American Underground Engineering, Inc. ("AUE") and awarded AUE $7,306,021.64 in damages. Post-trial, the City requested that the district court treat the jury's verdict as advisory, challenging the damages awarded to AUE, and seeking judgment as a matter of law. The City now appeals from the district court's August 6, 2012 amended judgment correcting its October 13, 2011 judgment entered pursuant to its October 11, 2011 Memorandum-Decision and Order, which granted remittitur to $5,312,678.00 but otherwise denied the City's motion. We assume the parties'

-2-

familiarity with the underlying facts, the procedural history, and the issues on appeal.

## 1. Election of Remedies

The City argues that the district court erred because it permitted AUE to move forward under a rescission theory on the second day of trial, after AUE had, the City contends, elected its damages remedy by moving for summary judgment on liability on a breach of contract theory. We review questions of law de novo, see L-3 Commc'ns Corp. v. OSI Sys., Inc., 607 F.3d 24, 27-28 (2d Cir. 2010), and conclude that the City's arguments lack merit.

First, although summary judgment is generally treated as the procedural equivalent of a trial, see S.J. Capelin Assocs., Inc. v. Globe Mfg. Corp., 34 N.Y.2d 338, 341 (1974), AUE's motion for summary judgment addressed liability alone. Hence, to the extent the motion was the equivalent of a trial for these purposes, it did not address damages or rescission at all. Cf. Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 263 (2d Cir. 1999) (holding that, where plaintiff did not seek to rescind a contract and only sought quantum meruit recovery after a jury had determined an enforceable contract existed, plaintiff was limited to recovery under the contract). AUE cannot be

-3-

deemed to have elected its damages remedy when damages were not at issue on the motion.

Second, the motion for partial summary judgment on the issue of liability for breach of contract was not inconsistent with rescission and the remedy of quantum meruit. Whether the City had breached the contract, and whether it did so in a manner that "substantially defeat[ed the contract's] purpose," Callanan v. Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 N.Y. 268, 284 (1910), cited in R.R. Chester, LLC v. Arlington Bldg. Corp., 803 N.Y.S.2d 100, 101 (2d Dep't 2005), were at the heart of this dispute. Furthermore, if -- as the jury found -- the City's breach defeated the purpose of the contract, then AUE could "timely rescind and seek recovery on the theory of quasi contract." Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 389 (1987). This would be the case notwithstanding the general rule that the "existence of a valid and enforceable written contract governing a particular subject matter" precludes a quantum meruit recovery. Id. at 388. Hence, as the district court concluded, AUE made no election as to its damages remedy by moving for summary judgment as to liability alone.

-4-

Third, we note that, during a colloquy with the district court and AUE regarding the propriety of the rescission argument, the City's attorney argued:

> I guess the first thing [AUE] need[s] to do then is put on the record that they're withdrawing their breach of contract causes of action and claims and they're simply asking for an action for recision [sic] quantum meruit would be I guess would be [sic] the first part, your Honor.

After the City prompted AUE to elect its remedy, AUE did so -- choosing to proceed solely on a theory of rescission. Thus, to the extent the City now contends that the district court erred by allowing AUE to elect its remedy during the second day of trial, this argument has been waived. See, e.g., In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132-33 (2d Cir. 2008) (per curiam).

Finally, while a litigant must, of course, elect among inconsistent remedies presented, under New York law, that precise moment is left to the trial court's discretion "in the light of the record as it develops." Lukaris v. Harrison Vending Sys., Inc., 283 N.Y.S.2d 674, 676 (3d Dep't 1967); see also, e.g., Wilmoth v. Sandor, 686 N.Y.S.2d 388, 390-91 (1st Dep't 1999); Baratta v. Kozlowski, 464 N.Y.S.2d 803, 809-10 (2d Dep't 1983); Patrick M. Connors, Practice Commentaries § C3002:14, in N.Y. C.P.L.R. § 3002 (McKinney's 2013). Hence,

-5-

no legal error undermined the district court's exercise of its discretion as to when AUE should elect its theory of damages.

## 2. Waiver of Advisory Jury

The City further claims that the district court erred by allowing the jury to decide the rescission action, a purely equitable claim. The district court "may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right." Fed. R. Civ. P. 39(c)(2). The record here indicates that the parties proceeded under the assumption that the case would be tried before a jury. Even after the only claim remaining was the equitable rescission action, the parties never discussed whether the jury should be dismissed or whether its findings should be treated as advisory. In fact, the phrase "advisory jury" was never uttered until the City filed its post-trial motion. Because "silence may be deemed 'consent' under Rule 39(c)," Broadnax v. City of New Haven, 415 F.3d 265, 272 (2d Cir. 2005), we conclude that the district court's adherence to the jury's verdict, as binding, was entirely proper.

## 3. Damages

Finally, the City also raises numerous arguments challenging the damages awarded to AUE. We review a district court's remittitur ruling for abuse of discretion, see, e.g.,

-6-

<u>Zeno v. Pine Plains Cent. Sch. Dist.</u>, 702 F.3d 655, 672 (2d Cir. 2012), and find these arguments to be without merit. The City conceded during oral argument that it chose below to present its damages theory solely by cross-examining AUE's witnesses. It presented no witnesses, offered no evidence or alternative damages calculations, and (except in its post-trial motion) made none of the arguments advanced now on appeal. Hence, the district court was well within its discretion to find that the jury's award of damages -- with the exception of the portion it reduced -- was supported by AUE's evidence as presented at trial.

We have considered the City's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk