Tantaros v Krechmer (2020 NY Slip Op 00991)





Tantaros v Krechmer


2020 NY Slip Op 00991


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10994 650476/18

[*1] Andrea K. Tantaros, etc., et al., Plaintiffs-Respondents,
v
Michael Krechmer also known as "Michael Malice," etc., Defendant-Appellant.


Randazza Legal Group, PLLC, Long Island City (Jay M. Wolman of counsel), for appellant.
Jonathan Askin, Brooklyn, for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered January 16, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to dismiss the first, third, fourth and fifth counterclaims, unanimously affirmed, without costs.
In the parties' collaboration agreement, plaintiffs retained defendant to provide editing and writing services for plaintiffs' book. Plaintiffs agreed to compensate defendant upon the completion of certain stages of those services, and an additional payment if the book was listed on the New York Times bestseller list. Since the agreement contained a "no oral modification" clause, defendant is precluded from claiming that plaintiffs orally agreed to pay him for additional writing services not
included in the contract (see General Obligations Law § 15—301[1]; Israel v Chabra, 12 NY3d 158, 167 [2009]). Defendant's claim that the oral agreement effectively terminated, not modified, the contract is similarly unavailing.
Defendant's counterclaim for breach of the implied covenant of good faith and fair dealing was properly dismissed as redundant of the counterclaim for breach of contract (see Shilkoff, Inc. v 885 Third Ave. Corp., 299 AD2d 253 [1st Dept 2002]).
Defendant's copyright claim is barred by the doctrine of res judicata, as it was dismissed on the merits in a prior federal action (Matter of Hunter, 4 NY3d 260, 269 [2005]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK