Innovative Risk Mgt., Inc. v Morris Duffy Alonso & Faley (2022 NY Slip Op 02511)

Innovative Risk Mgt., Inc. v Morris Duffy Alonso & Faley

2022 NY Slip Op 02511

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 151810/17 Appeal No. 15744 Case No. 2021-02484 

[*1]Innovative Risk Management, Inc., Plaintiff-Appellant,
v
Morris Duffy Alonso & Faley et al., Defendants-Respondents.

Andrew Lavoott Bluestone, New York, for appellant.
Rivkin Radler LLP, New York (Deborah M. Isaacson of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 2, 2021, which denied plaintiff's motion for summary judgment on its legal malpractice claim and granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiff alleges that defendants were negligent in failing to serve timely expert disclosures in an underlying personal injury action involving a motor vehicle accident. Arch Insurance Company provided the defendants in the underlying action (insureds) with defense and indemnification. Plaintiff, acting as third-party administrator for Arch, appointed defendants to represent the insureds. Plaintiff alleges that defendants' negligence effectively compelled plaintiff to settle in the underlying action for an excessive sum, and that but for defendants' negligence, plaintiff would not have incurred such a high settlement payment and legal fees. The complaint asserts claims for legal malpractice, breach of fiduciary duty, and breach of contract.
The motion court correctly determined that plaintiff was not Arch's assignee. Even assuming the evidence showed that Arch assigned its claims to Programs Plus, a segregated portfolio cell of First Employers Insurance Company, plaintiff failed to adduce evidence showing a subsequent assignment to it from Programs Plus or First Employers. To the extent plaintiff implies that it may assert Programs Plus or First Employers' claims absent an assignment from those entities, the evidence does not support such a conclusion (see generally Alexander & Alexander of N.Y. v Fritzen, 114 AD2d 814, 815 [1st Dept 1985], affd 68 NY2d 968 [1986]).
The court also correctly determined that plaintiff lacked standing to maintain a legal malpractice claim on its own behalf. Plaintiff was not in privity with defendants because there was no attorney-client relationship between them. Plaintiff's reliance on "near privity" is misplaced, as its legal malpractice claim is not based on negligent misrepresentation (see Federal Ins. Co. v North Am. Specialty Ins. Co., 47 AD3d 52, 59-60 [1st Dept 2007]). Plaintiff's reliance on equitable subrogation is unavailing, because it did not insure the insureds; more specifically, the complaint does not allege, and the evidence does not show, that plaintiff had a contractual obligation to pay the claims in the underlying action (see Allianz Underwriters Ins. Co. v Landmark Ins. Co., 13 AD3d 172, 174 [1st Dept 2004]; Federal Ins. Co., 47 AD3d at 62; Risk Control Assoc. Ins. Group v Maloof, Lebowitz, Connahan & Oleske, P.C., 113 AD3d 522, 522 [1st Dept 2014]).
The breach of fiduciary duty and breach of contract causes of action were correctly dismissed, because they were duplicative of the legal malpractice claim (see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271 [1st Dept 2004]; Mamoon v Dot Net Inc., 135 AD3d 656, 658 [1st Dept 2016]), and no contract exists to sustain the claim for breach [*2]of contract (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022