**Pollack v Kling**

2024 NY Slip Op 34145(U)

November 15, 2024

Supreme Court, New York County

Docket Number: Index No. 151934/2023

Judge: Dakota D. Ramseur

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. DAKOTA D. RAMSEUR** | PART 34M |
| | *Justice* | |

-------------------------------------------------------------------X

MICHAEL POLLACK,

                                    Plaintiff,

                    - v -

HEIDI E KLING, JOSEPH W NEWIRTH, JOSEPH W.
NEWIRTH, PHD, PSYCHOLOGIST, P.C.,JANE DOE, P.C.

                                    Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151934/2023 |
| MOTION DATE | 05/22/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, 29, 30, 31, 32, 33

were read on this motion to/for                    _____DISMISSAL_____.

        In May 2023, plaintiff Michael Pollack commenced this action against his former psychologists Heidi Kling and Joseph Newirth (and his professional service corporation, Joseph W. Newirth, Ph.D., Psychologist P.C.), asserting causes of action against each for professional malpractice, lack of informed consent, negligent infliction of emotional distress, breach of fiduciary duties, and violation of New York Education Law § 6509 (9). In sum and substance, plaintiff alleges that he sought Kling's professional help after surviving a terrorist attack in Mumbai in 2008 and that she used her position as his therapist to start an extramarital affair, one which not only intensified the PTSD and depressive symptoms for which he sought relief but also caused him to suffer weight loss, sleep disturbances, panic attacks, and sexual dysfunction. Soon after, in 2011, plaintiff started psychotherapy with Newirth, a professor and clinical supervisor to Kling, and that, during sessions, he "support[ed], encourag[ed], and enjoy[ed] hearing" of their affair, explaining that their relationship "was helping [Pollack] turn his childhood trauma and the terrorist attack into positives in his life." In this motion sequence, Newirth moves to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. (NYSCEF doc. no. 8, notice of motion.) Plaintiff opposes and cross moves for sanctions pursuant to 22 NYCRR § 130-1.1 for bringing a frivolous motion. For the following reasons, both motions are denied.

## LEGAL STANDARD

        On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015].) A court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, its only function is to determine whether, from facts alleged and inferences drawn

**151934/2023  POLLACK, MICHAEL vs. KLING PHD, HEIDI E ET AL**                    Page 1 of 5
**Motion No.  001**

1 of 5

therefrom, plaintiff has stated the elements of a cognizable cause of action. (*JF Capital Advisors*, 25 NY3d at 764; *Skill Games, LLC v Brody*, 1 AD3d 247, 250 [1st Dept 2003].)

# DISCUSSION

*Plaintiff's First Cause of Action for Professional Malpractice*

In support of dismissal, Newirth contends that New York Civil Rights Law § 80-a precludes—as a matter of law—plaintiff from recovering damages he sustained for engaging in the extramarital affair with Kling. § 80-a provides, in relevant part, as follows:

> "The rights of action to recover sums of money as damages for alienation of affections, criminal conversation, seduction, or breach of contract to marry are abolished. No act done within this state shall operate to give rise, either within or without this state, to any such right of action." (N.Y. Civ. Rights Law § 80-a.)

As put in his moving papers, Newirth argues that plaintiff's claim is essentially, "but for Dr. Kling's seduction of plaintiff and Dr. Newirth's failure to prevent the continuance of the extramarital affair, plaintiff would not have suffered any alienation from his wife and children or any of the damages he seeks to recover as a result thereof." (NYSCEF doc. no. 9 at 4-5, <u>def. memo of law</u>.) This position, however, ignores the fact that New York courts admit certain exceptions to § 80-a's categorical elimination of causes of action premised on extramarital affairs. One such exception, recognized by the Second Department, exists where, as here, a patient seeks treatment from a mental health care professional who then begins an affair with said patient. (*See Dupree v Giugliano*, 87 AD3d 975, 975 [2d Dept 2011] [holding a jury verdict in favor of the plaintiff-patient against her therapist was not contrary to the weight of credible evidence given that her expert testified to the particularly sensitive nature of the patient-therapist relationship and the likelihood of harm to the patient arising from a sexual relationship], *aff'd in part and rev'd in part on other grounds*, 20 NY3d 921 [2012].) In these circumstances, the Second Department (and later the Court of Appeals) found that § 80-a did not bar the patient's recovery under a medical malpractice claim specifically because the therapist's conduct in engaging in a sexual relationship departed from accepted medical practice and caused the patient further emotional distress. (*Id.*)

In reply, Newirth contends that, under *Dupree*, plaintiff may be able to recover against Kling, who engaged in the affair, but its holding is narrowly prescribed: *Dupree* does not sanction plaintiff's attempted recovery against a different therapist for alleged support and encouragement of the affair. While Newirth's position is undoubtedly correct in that *Dupree* does not address liability against a therapist at one remove from the actual affair, he has not explained the importance of such a distinction. From the Court's perspective, if a plaintiff may recover against the first therapist for the malpractice of committing to the affair, then there is no reason why the second therapist, under the same professional obligations and in full knowledge of the relationship and its potential harm to the patient, cannot be held liable for supporting and encouraging the patient to engage in the affair. Thus, even though Newirth is not alleged to have violated specific professional rules prohibiting sexual relationships with patients, the Court finds

**151934/2023  POLLACK, MICHAEL vs. KLING PHD, HEIDI E ET AL**
**Motion No. 001**

**Page 2 of 5**

2 of 5

plaintiff has stated a cause of action for professional malpractice based on Newirth's conduct in condoning and/or actively encouraging Kling's conduct.[1]

*Plaintiff's Second Cause of Action for Lack of Informed Consent*

Like with plaintiff's first cause of action, Newirth contends that this claim is, as a matter of law, barred by statute. According to his moving papers, under New York Public Health Law § 2085-d, a claim for lack of informed consent may *only* be asserted in medical, dental, or podiatric malpractice cases. Yet, by its terms, Public Health Law §2085-d does not purport to limit informed consent claims to these types of malpractice cases. Subsection (1) defines the term "informed consent" to mean "the failure of the person providing professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits;" subsection (2) limits the action to (a) non-emergency treatment, procedure or surgery or (b) a diagnostic procedure which involved invasion or disruption of the integrity of the body; and subsection (3) requires a patient to show that they would not have undergone the treatment if they had been fully informed. (*See* Public Health Law § 2805-d [1], [2], [3].) Nothing in the language of the statute forecloses an informed consent claim in the context of psychological/mental health treatment. In fact, the only case law cited by either party—*Laskowitz v CIBA Vision Corp.* (215 AD2d 25, 26-27 [2d Dept 1995]—rejected Newirth's contention that the statute codified *all* malpractice action based upon lack of informed consent. Instead, as this Court interpreted above, § 2805-d imposes limitations on the cause of action against doctors, dentists, and podiatrists. (*Id.* at 30.) Instead, in *Laskowitz*, the Second Department concluded that the Legislature had not intended to abolish or otherwise limit common-law informed-consent causes of action, sub silentio, against other health care professionals, who would remain bound by their traditional duties to obtain a patient's informed consent. (*Id.* at 31.) Since Newirth does not assert that plaintiff has failed to state a claim based on her factual allegation, the Court must deny this branch of his motion as well.

*Plaintiff's Third Cause of Action for Negligent Infliction of Emotional Distress*

In this branch of his motion, Newirth asserts that plaintiff's factual allegations do not meet the "extreme and outrageous conduct" element of a NIED cause of action. However, as plaintiff correctly points out, the First Department no longer requires a plaintiff to allege such extreme conduct to adequately plead the cause of action. (*See Brown v New York Design Ctr., Inc.* 215 AD3d 1, 7 [1st Dept 2023].) Accordingly, this branch is also denied.

*Plaintiff's Fourth Cause of Action for Breach of Fiduciary Duties*

Newirth has demonstrated that plaintiff's cause of action for breaching fiduciary duties is improperly duplicative of his malpractice cause of action. (*Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [1st Dept 2004] [dismissing a breach of fiduciary duty claim as duplicative of a professional malpractice claim where both were premised on the same facts and sought the same relief]; *see also Innovative Risk Mgt., Inc. v*

---

[1] As discussed *infra*, one such rule that plaintiff cites is 8 NYCRR 29.12, which provides: "(a) Unprofessional conduct in the practice of psychology…shall include (2) in the interpretation of provisions of Section 29.1 of this Part…(i) any physical contact of a sexual nature between psychologist and client."

**151934/2023  POLLACK, MICHAEL vs. KLING PHD, HEIDI E ET AL**
**Motion No. 001**

Page 3 of 5

3 of 5

*Morris Duffy Alonso & Faley*, 204 AD3d 518, 519 [1st Dept 2022]; *Mamoon v Dot Net, Inc.*, 135 AD3d 656, 658 [1st Dept 2016].) In opposition, plaintiff does not argue that the two causes of action are based on different facts or seek different relief. Instead, he cites *EBC I, Inc. v Goldman Sachs & Co.* (7 AD3d 418, 420 [1st Dept 2004]) for the proposition that "alternative theories may be advanced in the pleading stage." While true to the extent that a plaintiff may assert various theories of liability within a claim for malpractice or breach of fiduciary duty, plaintiff cites no cases that establish he may assert the two causes of action together under the same factual allegations and for the same relief. Again, where a plaintiff asserts alternative theories of recovery and seeks different relief based thereon, then the two claims cannot be considered duplicative and, thus, there would be bona fide dispute as to which remedy he may seek. (*See Wilmoth v Sandor*, 259 AD2d 252, 254 [1st Dept 1999], relied upon by *EBC I, Inc.*, 7 AD3d at 420.) But that is not the case here. Accordingly, dismissal of this cause of action is warranted.

*Plaintiff's Fifth Cause of Action Premised on the Violation of Education Law § 6509*

Newirth contends that Education Law § 6509 does not contain a private right of action that plaintiff may recover on. However, as plaintiff argues, his fifth cause of action is for negligence/professional malpractice *per se*, for which Kling's violation of §6509 may be used as evidence to establish liability. Moreover, Education Law § 6509 is indisputably relevant to plaintiff's cause of action. The statute confers the authority to create rules of professional conduct/misconduct on "the board of regents…or the commissioner in regulations approved by the board of regents." In turn, one such rule or regulation is 8 NYCRR 29.12 (entitled "Special provisions for the profession of psychology"), which defines unprofessional conduct as "(i) any physical contact of a sexual nature between psychologist and client." (*See* 8 NYCRR 29.12 [a] [2] [ii].) In reply, Newirth does not address whether § 6509 may be used to demonstrate a *per se* negligence claims.

*Plaintiff's Cross-Motion for Sanction*

Plaintiff has not established that Newirth's motion constitutes frivolous conduct as defined by 22 NYCRR § 130-1.1 as the Court has granted one branch of the motion.

Lastly, plaintiff's cross-motion sought to amend the complaint in the event the Court found its original complaint deficient. Since the Court found the first, second, third, and fifth causes of action adequately pled in the original and the Amended Compliant does not assert any new facts or additional relief to address the Court's findings with respect to his fifth cause of action, the Court grants plaintiff's motion to the amended complaint and deems it properly served *nunc pro tunc* as of August 1, 2023.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that defendant Joseph Newirth and Joseph W. Newirth, Ph.D., Psychologist P.C.'s motion to dismiss pursuant to CPLR 3211 (a) (7) is granted to the extent that plaintiff's fourth cause of action is dismissed but otherwise denied; and it is further

**151934/2023  POLLACK, MICHAEL vs. KLING PHD, HEIDI E ET AL**
**Motion No. 001**

**Page 4 of 5**

[* 4]

4 of 5

ORDERED that plaintiff Michael Pollack's motion for sanction is denied; and it is further

ORDERED that plaintiff shall serve a copy of this order, along with notice of entry, on all parties within twenty (20) days of entry; and it is further

ORDERED that defendants Joseph Newirth and Joseph W. Newirth, Ph.D., Psychologist P.C. shall serve an answer to the amended complaint or otherwise appear within twenty (20) days of receipt of the notice of entry; and it is further

ORDERED that all parties shall appear at 60 Centre Street, Courtroom 341 on January 7, 2025, at 9:30 a.m. for a preliminary conference with the Court.

This constitutes the Decision and Order of the Court.

_____11/15/2024_____
DATE

_____
DAKOTA D. RAMSEUR, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151934/2023   POLLACK, MICHAEL vs. KLING PHD, HEIDI E ET AL**
**Motion No. 001**

Page 5 of 5