Board of Mgrs. of 150 E. 72nd St. Condominium v Vitruvius Estates LLC (2022 NY Slip Op 02358)

 Board of Mgrs. of 150 E. 72nd St. Condominium v Vitruvius Estates LLC

2022 NY Slip Op 02358

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Index No. 160831/16 Appeal No. 15714 Case No. 2021-00699 

[*1]The Board of Managers of 150 East 72nd Street Condominium, Plaintiff-Respondent-Appellant,
v
Vitruvius Estates LLC, Defendant-Appellant-Respondent.

Stempel Bennett Claman & Hochberg, P.C., New York (Edmond P. O'Brien of counsel), for appellant-respondent.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent-appellant.

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about October 9, 2020, which denied defendant's motion for partial summary judgment dismissing plaintiff's third claim for breach of contract and granted defendant's motion to strike plaintiff's responses to defendant's second set of interrogatories, unanimously modified, on the law, and as a matter of discretion, to reinstate plaintiff's responses to defendant's second set of interrogatories, and otherwise affirmed, with costs to defendant.
The motion court properly denied defendant's motion for summary judgment. Contrary to defendant condominium sponsor's contention, as movant, its burden was to show that the defects identified by plaintiff condominium board of directors fell within the limited disclaimers in the offering plan or otherwise to show that those defects were not within defendant's obligation to comply with the law (Board of Mgrs. of Loft Space Condominium v SDS Leonard, LLC, 142 AD3d 881, 882 [1st Dept 2016]). Here, defendant's failure to include an affidavit by anyone with personal knowledge fails to establish as a factual matter that it was entitled to disclaim all liability for defects arising from the work set forth in the description of property, nor does the record show what work defendant performed to fulfill its obligations under the fifth amendment to the offering plan, Local Law 11, or other statutes (CPLR 3212[b]; Coastal Sheet Metal Corp. v Martin Assoc., Inc., 63 AD3d 617, 618 [1st Dept 2009]). Therefore, on this record, summary judgment was not warranted.
Turning to the portion of the order which struck plaintiff's responses to defendant's second set of interrogatories, we find that the interrogatory responses were proper. Although defendant maintains it was prejudiced by plaintiff's inclusion of additional defects described in plaintiff's architect's investigation report, the complaint specifically refers to the report, as did defendant's interrogatories themselves, and defendant specifically solicited the information provided by plaintiff. Plaintiff did not move to amend the complaint, but we find that such a motion was unnecessary, as CPLR 3013 only requires allegations in a pleading to be "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (see also Shilkoff, Inc. v 885 Third Ave. Corp., 299 AD2d 253, 254 [1st Dept 2002]).
What is more, although we find that there was no basis for the court to treat the interrogatory responses as an "indirect" motion to amend under CPLR 3025(b), in opposing the purported "amendment," defendant did not demonstrate "prejudice or surprise resulting directly from the delay," as discovery was not yet complete, nor did defendant demonstrate that inclusion of additional items in a report specifically referenced in the complaint would be "palpably [*2]improper or insufficient as a matter of law" (LDIR, LLC v DB Structured Prods., Inc., 172 AD3d 1, 4 [1st Dept 2019]). Accordingly, we modify to reinstate plaintiff's responses to defendant's second set of interrogatories and otherwise affirm the order.
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022