Matter of Barlotta v A.O. Smith Water Prods. Co. (2023 NY Slip Op 03399)

Matter of Barlotta v A.O. Smith Water Prods. Co.

2023 NY Slip Op 03399

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Index No. 190020/21, 190307/20, 190163/20, 190147/20, 190254/20, 190041/21, 190165/20, 190336/20, 190007/21, 190226/20, 190316/20, 190220/20, 190183/20 Appeal No. 534 Case No. 2022-01639, 2022-01646, 2022-01647, 2022-01648, 2022-01649, 2022-01653, 2022-01997, 2022-01998, 2022-01999, 2022-02000, 2022-02001, 2022-02002, 2022-02003 

[*1]In the Matter of New York City Asbestos Litigation Thomas Barlotta, as Administrator of the Estate of Anthony T. Barlotta, Plaintiff-Respondent,
v
A.O. Smith Water Products Co. et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
Christopher P. Campbell, Plaintiff-Respondent,
v
A.O. Smith Water Products Co. et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
Phillip Catapano et al., Plaintiffs-Respondents,
v
Aerco International, Inc., et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
Denise Culberson et al., Plaintiffs-Respondents,
v
A.O. Smith Water Products Co. et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
Sabella Danisi, as Administratrix of the Estate of William Danisi, et al., Plaintiffs-Respondents,
v
A.O. Smith Water Products Co. et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant. _
Donella Droscoski, as Administratrix of the Estate of Thomas Droscoski, et al., Plaintiffs-Respondents,
v
A.O. Smith Water Products Co. et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
Anthony C. Frankini et al., Plaintiffs-Respondents,
v
Aerco International, Inc., et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
Arlene Nora, as Executrix of the Estate of Robert A. Nora, et al., Plaintiffs-Respondents,
v
A.O. Smith Water Products Co. et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
Luis Robles et al., Plaintiffs-Respondents,
v
A.O. Smith Water Products Co. et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
Jeana Robley, as Administratrix of the Estate of Richard Lee Robley, et al., Plaintiffs-Respondents,
v
Air & Liquid Systems Corporation et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
William M. Seyler et al., Plaintiffs-Respondents,
v
A.O. Smith Water Products Co. et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
William M. Seyler et al., Plaintiffs-Respondents,
v
ABB, Inc., etc., et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.
Stephanie Sobek, as Administratrix of the Estate of Thomas Sobek, et al., Plaintiffs-Respondents,
v
A.O. Smith Water Products Co. et al., Defendants, PB Heat LLC Sued Herein as PB Heat, Individually, and as Successor in Interest to Peerless Industries, Defendant-Appellant.

Segal McCambridge Singer & Mahoney, Ltd., New York (Christian H. Gannon of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Pierre A. Ratzki of counsel), for respondents.

Orders, Supreme Court, New York County (Adam Silvera, J.), entered March 18, 2022, April 28, 2022, and May 2, 2022, which, to the extent appealed from as limited by the briefs, in these consolidated appeals, denied defendant PB Heat, LLC's motions to dismiss the complaints as against it, unanimously affirmed, without costs
The court correctly denied PB Heat's motions to dismiss the complaints under CPLR 3211(a)(7), as the allegations in the standard form complaints filed by plaintiffs in this New York City Asbestos Litigation (NYCAL) sufficiently stated claims against PB Heat, sued here individually and as a successor in interest to Peerless Industries, under a theory of successor liability. Contrary to PB Heat's contention, that the standardized complaints contain no specific factual allegations detailing its relationship with Peerless Industries that would support a finding of successor liability does not require dismissal of the complaints. Pursuant to the case management order (CMO) governing NYCAL, plaintiffs' counsel are required to only e-file "a set of complaints containing standard allegations generally applicable to all claims of a similar nature" and "serve and e-file a short form complaint which incorporates by reference all allegations contained in the appropriate standard complaint" (Matter of New York City Asbestos Litig. [All NYCAL Cases], 2017 NY Slip Op 33529[U], *7 [Sup Ct, NY County 2017], affd 159 AD3d 576 [1st Dept 2018], appeal dismissed 32 NY3d 945 [2018]). The purpose of standardized pleadings in NYCAL cases is to expedite the resolution of cases and to minimize costs (id. at *1), and we have acknowledged that "the exceptional needs of asbestos cases and litigants . . . justified the CMO and its deviations, where necessary, from the CPLR" (Matter of New York City Asbestos Litig., 210 AD3d 538, 539 [1st Dept 2022]; see also Matter of New York City Asbestos Litig. [All NYCAL Cases], 159 AD3d at 576-577 ["the NYCAL Coordinating Justice has the authority under Uniform Rules for Trial Courts (22 NYCRR) § 202.69 to issue a CMO or modify an existing CMO . . . that sets forth procedural protocols for the NYCAL that do not strictly conform with the CPLR so long as those protocols do not deprive a party of its right to due process"]). Under these circumstances, plaintiffs have adequately pleaded claims for successor liability, as the allegations in the standard form complaints sufficiently put PB Heat on notice of their respective successor liability claims (see CPLR 3013; Board of Mgrs. of 150 E. 72nd St. Condominium v Vitruvius Estates LLC, 204 AD3d 465, 465-466 [1st Dept 2022]).
The court correctly declined to dismiss the complaints under CPLR 3211(a)(1), as the documentary evidence relied on by PB Heat did not conclusively refute all potential bases for successor liability (see State Farm Fire & Cas. Co. v Main Bros. Oil Co., 101 AD3d 1575, 1576-1577 [3d Dept 2012]). In Schumacher v Richards Shear Co. (59 NY2d 239, 245 [1983]), [*2]the Court of Appeals recognized four exceptions to the general rule that a corporation is not liable for the torts of its predecessor, namely where "(1) [the corporation] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." Under Pennsylvania law, applicable here by virtue of the Pennsylvania choice-of-law provision in the relevant documents, there is an additional "product-line exception," pursuant to which a successor corporation is liable for injuries caused by defects in products manufactured and distributed by its predecessor where the corporation "acquires all or substantially all the manufacturing assets of [the predecessor] corporation . . . and undertakes essentially the same manufacturing operation as the [predecessor] corporation" (see generally Dawejko v Jorgensen Steel Co., 290 PA Super 15, 23, 434 A2d 106, 110 [1981] [internal quotation marks omitted]; see also Schmidt v Boardman Co., 608 Pa 327, 360-361, 11 A3d 924, 944-945 [2011]). PB Heat's documentary evidence — which largely consisted of corporate formation, merger, acquisition, and dissolution records — did not utterly refute the applicability of each of these exceptions, given the numerous discrepancies between PB Heat's representations of what the documents show as opposed to what they actually show. Further, given the closely held nature of several of the involved companies, issues of fact exist as to whether the reorganization that led to PB Heat's formation was contemplated to fraudulently extinguish the Peerless family of companies' liability for its asbestos-containing boilers.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023